UNITED STATES v. BINNEY.

(Circuit Court of Appeals, Second Circuit. May 22, 1896.)

No. 2,222.

CUSTOMS DUTIES—CLASSIFICATION—DIAMOND STEEL.

"Diamond Steel," which is made by crushing small steel ingots, after they have been submitted to a special treatment, to various degrees of fineness, from the size of a buckwheat kernel to an impalpable grain, and which is used in sawing stone and for like purposes, was dutiable under the provision for "steel in all forms and shapes, not specially provided for," in paragraph 122 of the act of 1894, and not as a manufactured article not specially provided for, under paragraph 177.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an application to the circuit court, by an importer, for a review of a decision of the board of general appraisers reversing the decision of the collector of the port of New York in the classification for duty of certain merchandise invoiced as "Diamond Steel." The collector assessed a duty of 35 per cent., under paragraph 177 of the tariff act of August 28, 1894, and the importer protested, claiming that the duty should have been levied at the appropriate rate, under paragraph 122. The merchandise was described by the appraiser in the following language, which the evidence shows is substantially correct:

"It is manufactured from small steel ingots, the process consisting of submitting the ingots to an intense heat; then, after cooling, putting them into a crusher, which crushes them into various degrees of fineness, from the size of a buckwheat kernel to an impalpable grain. The different degrees of fineness are separated by passing the different material through sieves or screens. When the process of manufacture is completed, it is put up in packages, and numbered according to its degree of fineness. It is used by stone sawyers and for various special purposes."

Paragraph 177, under which the collector classified this merchandise, is as follows:

"177. Manufactured articles or wares, not specially provided for in this act, composed wholly or in part of any metal, and whether partly or wholly manufactured, thirty-five per centum ad valorem."

Paragraph 122 is in the following language:

"122. Steel ingots, cogged ingots, blooms, and slabs, by whatever process made; die blocks or blanks; billets and bars and tapered or beveled bars; steamer, crank, and other shafts; shafting; wrist or crank pins; connecting rods and piston rods; pressed, sheared, or stamped shapes; saw plates, wholly or partially manufactured; hammer molds or swaged steel; gun-barrel molds not in bars; alloys used as substitutes for steel in the manufacture of tools; all descriptions and shapes of dry sand, loam, or iron-molded steel castings; sheets and plates not specially provided for in this act; and steel in all forms and shapes, not specially provided for in this act, all of the above valued at one cent per pound or less, three-tenths of one cent per pound. * * *"

The board of general appraisers sustained the importer's protest, holding that the goods should be classified as "steel in all forms and shapes not specially provided for," under paragraph 122.

On appeal to the circuit court, the decision of the board was sustained by Townsend, J., in the following opinion:

"The merchandise in question is known as 'Diamond Steel,' and was assessed for duty under paragraph 177 of the act of 1894, as a manufacture of steel not otherwise provided for. The importer protested, claiming that it was dutiable under the provisions of paragraph 122 of said act, as 'steel in all forms and shapes not specially provided for.' The question is as to which of these provisions is more specific. Upon this doubtful question I am inclined to follow the finding of the board of appraisers that the merchandise is a form of steel. As is argued by counsel for the importer, this article is made by crushing steel ingots, which are specifically provided for under paragraph 122. The only change in the ingot is a change of form. Inasmuch as paragraph 122 covers both steel ingots and steel in all forms and shapes, and the article remains steel, but simply changed in form without any change in the character of the metal, I think the finding of the board of general appraisers sustaining the protest is right. Let an order be entered accordingly."

From this decision of the circuit court, the United States took the present appeal.

Wallace MacFarlane, U. S. Atty.
Comstock & Brown, for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

PER CURIAM. Decision affirmed, on opinion below.