elected to take no further proceedings in bankruptcy, and as having withdrawn its said claim.

The referee will notify counsel of record herein of the conclusions reached by this court as above announced, and certify to counsel of record for claimant the last preceding paragraph hereof.

## BOKER et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. July 18, 1899.)

### No. 60.

CUSTOMS DUTIES—CLASSIFICATION—NICKEL ALLOY.

Nickel alloy, in rods and sheets, which is incapable of practical use without being subjected to further manipulation and manufacture, is dutiable under paragraph 167½ of the tariff act of 1894, as an alloy "in which nickel is the component material of chief value," and not under paragraph 177, covering "manufactured articles or wares, not specifically provided for, composed wholly or in part of any metal, and whether partly or wholly manufactured"; but wire made of the same alloy, in which form it is used in the arts, and is a completed, merchantable article, is dutiable under the latter paragraph.

Appeal from the Circuit Court of the United States for the Southern District of New York.

In the circuit court, TOWNSEND, District Judge, delivered the following opinion:

The merchandise in question comprises certain nickel alloy, in the form of rods, sheets, and wire. The board of general appraisers, affirming the action of the collector, assessed all the articles for duty as manufactures of metal, at 35 per cent. ad valorem, under the provisions of paragraph 177 of the act of August 27, 1894, for "manufactured articles or wares, not specifically provided for, composed wholly or in part of any metal, and whether partly or wholly manufactured." The importer protested, claiming that they were dutiable at six cents per pound, under the provisions of paragraph 167½ of said act, as "nickel or alloy of any kind in which nickel is the component material of chief value." The first question involved is whether the alloy in these forms is raw material, or a manufactured article. It seems clear that the rods and plates are not advanced from the condition of nickel alloy, and are therefore provided for under paragraph 167½. They are incapable of practical use without being subjected to further manipulation and manufacture. I think congress, by the provision for nickel alloy, itself a manufacture, must be presumed to have intended to provide for such alloy in its ordinary commercial forms as known at the passage of said act. The wire is a manufacture of metal, a complete merchantable article, imported in spools, and sold by the spool, to be used in the construction of rheostats, and dealt in commercially in various sizes, adapted to the purposes for which it is wanted. The decision of the board of general appraisers is reversed as to the rods and plates, and affirmed as to the wire.

Albert Comstock, for appellants.

H. P. Disbecker, for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. Affirmed on opinion of court below.