BUEHNE v. UNITED STATES.

UNITED STATES v. BUEHNE.

(Circuit Court, S. D. New York. June 1, 1905.)

Nos. 3,924, 3,915.

1. CUSTOMS DUTIES—CLASSIFICATION—STEEL WOOL.

Steel wool, consisting of the filaments or shavings produced by passing toothed knives over steel wire, is dutiable under paragraph 135, Schedule C, § 1, Tariff Act July 24, 1897, c. 11, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1638], relating to "steel in all forms and shapes," rather than under paragraph 193, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], as articles composed of steel "not specially provided for."

**2. SAME—ARTICLES MADE FROM WIRE.**

With reference to steel wool, an article produced from steel wire by a shaving process resulting in the destruction of the wire, *held*, that the proviso in paragraph 137, Schedule C, § 1, Tariff Act July 24, 1897, c. 11, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1639], prescribing for "articles made from * * * steel wire" the same rate of duty that is "imposed upon the wire used in the manufacture of such articles," was not intended to apply to merchandise of this character, inasmuch as the duty on wire depends upon its gauge, and the gauge of the wire used in producing the steel wool cannot be determined by the customs officers by inspection or analysis.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision in question (G. A. 5,927, T. D. 26,061) affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by the Buehne Steel Wool Company.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

Henry A. Wise, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise consists of what is known as "steel wool." The collector classified it for duty, under paragraph 193 of the act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 167 [ U. S. Comp. St. 1901, p. 1645]), as a "nonenumerated article manufactured of steel." The Board reversed the classification of the collector and assessed it under paragraph 135 of said act, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1638], providing for "steel in all forms and shapes, not specially provided for." The importers claimed that it should have been assessed under paragraph 137, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1639], as an article "manufactured from round steel wire, not specially provided for."

Paragraph 137 fixes various rates of duty for round iron and steel wire of various sizes, respectively, "provided that articles manufactured from * * * steel wire * * * shall pay the rate of duty imposed upon the wire used in the manufacture of such articles," and certain additional duties. This article is not round steel wire. It is only manufactured from steel wire in the sense that wires are cut up in order to make this product; such cutting process resulting in the destruction of the wire. It would be impracticable for the customs authorities to determine by inspection or analysis the gauge of the wire from which the steel wool was manufactured. It would seem that said proviso was not intended to apply to articles of this character, and the protest of the importers is, therefore, overruled.

The government bases its contention on the ground that paragraph 193 is more specific than paragraph 135. I think this question has already been disposed of, however, in United States v. Binney, 82 Fed. 992, 27 C. C. A. 347, and in Boker v. United States, 97 Fed. 205, 38 C. C. A. 114.

Under these circumstances, the decision of the Board of General Appraisers should be affirmed.