UNITED STATES v. C. NEWMAN WIRE CO.

(Circuit Court, S. D. New York. January 28, 1907.)

No. 4,130.

CUSTOMS DUTIES—CLASSIFICATION—STEEL PLATES—DRAWPLATES—WORTLES.

Drawplates and wortles, which are practically completed articles manufactured from steel bars or plates and having a purpose distinct from that of the original product, are not within the provision for plates in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 135, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1638], relating to "plates and steel in all forms and shapes." This provision was not intended to include plates manufactured into some other completed article.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,157 (T. D. 26,731), reversing the assessment of duty by the collector of customs at the port of New York.

J. Osgood Nichols, Asst. U. S. Atty.

Everit Brown, for importers.

HAZEL, District Judge. The merchandise in question, consisting of drawplates and wortles, was returned by the appraiser as manufactures of metal. Duty was accordingly assessed thereon by the collector at 45 per cent. ad valorem, under paragraph 193 of the tariff act approved July 24, 1897 (chapter 11, § 1, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645]), which provides for "articles or wares not specially provided for in this act, composed wholly or in part of * * * steel." The importers protested, urging before the Board, among other things, that the merchandise was dutiable under paragraph 135 as plates or steel in all forms and shapes. The Board overruled the classification of the collector and held the merchandise dutiable, as claimed, under paragraph 135, upon the authorities of Buehne v. United States (C. C.) 140 Fed. 772, Morris v. United States (C. C.) 140 Fed. 774, and the ruling of the Board in F. L. Schmidt & Co., G. A. 5,682 (T. D. 25,296). The government has appealed to this court for a review of the decision of the Board.

The single claim now urged by the importers is that the articles are dutiable under paragraph 135, as steel plates, at the rate per pound therein specified; the earlier claim urged before the Board, that the drawplates and wortles relate to steel "in all forms or shapes," having been abandoned. The government contends that the drawplates and wortles are manufactured from bars of steel, that the term "plate" as applied to the article is a misnomer; it having originated in shop phraseology, and particularly that paragraph 135 contemplates the payment of a duty upon steel in its crude and unfinished forms and shapes only, and not upon finished articles manufactured therefrom.

The evidence before this court shows that the merchandise in question is manufactured from steel bars; that a drawplate used in making steel wire ordinarily consists of a piece of steel about 6 inches wide, 10 or 12 inches long, and $1\frac{1}{4}$ inches thick, one of the ends being elongated or drawn out to form a handle; and a series of holes correspond-

ing in size to the wire to be drawn through them are drilled into the plates by hand or machinery. The wortles are bars of steel of different lengths, about 1¼ inches wide and 1½ inches deep, having holes suitable for wire drawing. ·

The decision of Judge Lacombe, in United States v. Meier, 136 Fed. 764, 69 C. C. A. 421, cited in the opinion of General Appraiser Fischer, in G. A. 6,406 (T. D. 27,536), would seem to be applicable to the case under consideration. I quote:

"Although its component materials are unchanged, processes of manufacture have produced a completed commercial article known and recognized in trade not as composition metal but as flitters, and which is designed and adapted for a particular use, to which the composition metal of trade could not be put until it had first been subjected to such additional processes of manufacture."

The drawplates, as said, are manufactures of steel bars or plates, but they are no longer the plates specifically enumerated in paragraph 135; but, by a process of manufacture, the bars or plates have become articles practically completed in manufacture and with a purpose distinct from that of the original product.

But it is contended by the importers that the term "plates," as used in paragraph 135, has heretofore been held by this court, in Morris v. United States, supra, to include a steel table which was attached to a frame that could be moved on wheels, and that such case is a precedent here. In that case the decision evidently was based upon the case of Buehne v. United States, supra; the court holding that the article came within the provision for "plates and steel in all forms and shapes." These citations are thought inapt; for in the record it is stipulated by the importers that they do not rely on that part of paragraph 135 which relates to "steel in all forms and shapes." Conceding, however, an analogy between the articles under consideration and ? steel table in the Morris Case, I am, nevertheless, constrained by evidence and reasoning of counsel for the government to now hold Congress primarily intended by paragraph 135 to simply include su 1 plates that have not been manufactured into some other completed commercial article.

The decision of the Board is overruled, and the classification of the collector is affirmed.