NEWMAN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 4. 1907.)

No. 66 (4,130).

1. CUSTOMS DUTIES—CLASSIFICATION — STEEL "PLATES" — "DRAW-PLATES" — "WORTLES."

"Wortles" and "draw-plates," so called, consisting respectively of bars and blocks with holes for wire drawing, are not dutiable as steel "plates" under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 135, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1638]; that term being, in the absence of evidence of a contrary commercial usage, limited to articles in the form of sheets.

2. SAME—DESIGNATION—MISNOMER—"PLATES."

Misnomer alone cannot make a tariff provision applicable; and the appellation of "draw-plates" cannot bring articles within the enumeration of "plates," which are not plates in form, nor commercially known as plates, and to which such name has clung inappropriately because plates were formerly used for the same purpose.

Appeal from the Circuit Court of the United States for the Southern District of New York.

The Circuit Court reversed a decision of the Board of General Appraisers, G. A. 6,157 (T. D. 26,731), which sustained the protest of the present appellant, an importer.

For decision below, see 152 Fed. 488.

Everit Brown, for importer.

J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The merchandise consists of steel articles used for drawing wire called "draw-plates" and "wortles." These articles were classified for duty under the so-called "catch-all" paragraph of the metal schedule of the tariff act of 1897 as articles manufactured of steel not specially provided for. The importer protested, claiming that they should be assessed under paragraph 135 of the act (Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1638]) as "plates and steel in all forms and shapes not specially provided for." The Board of Appraisers sustained this alternative protest. On appeal from this decision the importer waived his contention under the clause "steel in all forms and shapes," and confined himself to the single claim that the articles are "plates," and thus within said paragraph.

In so limiting his claim, we think the importer deprived it of all merit. The articles may be embraced within the phrase "steel in all

forms and shapes not specially provided for." We do not determine that question. They are not steel plates.

The dictionaries generally define the term "plate"—in accordance with common usage—as a sheet of metal. There is nothing of the nature of a sheet of metal about these "draw-plates" or "wortles." The "wortle" is a steel bar with several holes of diminishing diameters, through which the wire is drawn. The "draw-plate" is a steel block with an elongated end and with holes similar to those of the "wortle." The "draw-plate" is a plate in name only. Undoubtedly steel plates· were formerly used to draw wire through, and, as is not uncommon, the earlier name clings inappropriately to the later development. But misnomer alone cannot make the provisions of paragraph 135 applicable. Nor is there anything in the testimony of commercial usage to make them applicable. The articles may be called, but not described, by the name "draw-plates." They are not known as "plates."

Holding, therefore, that the articles in question are not steel plates within the meaning of paragraph 135, we are not called upon to determine to what extent that paragraph embraces manufactured articles.

The decision of the Circuit Court is affirmed.