THEODORE W. MORRIS & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 7, 1909.)

No. 98 (5,265).

CUSTOMS DUTIES (§ 26*)—CLASSIFICATION—ENGRAVED STEEL—"PLATES."

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 135, 30 Stat. 161 (U. S. Comp. St. 1901, p. 1638), for "plates" of steel, does not include an engraved piece of steel, 15 feet long, 4 feet 2 inches wide, 6.5 inches thick, and weighing over 6 tons, which is a completed article

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ready for use in glass manufacture, because it is not a "plate," and because said paragraph is limited to articles in an incomplete condition.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 26.*

For other definitions, see Words and Phrases, vol. 6, p. 5403.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 169 Fed. 666.

Brooks & Brooks (Frederick W. Brooks, of counsel), for importers. D. Frank Lloyd, Deputy Asst. Atty. Gen. (Martin T. Baldwin, Sp. Atty., of counsel), for the United States.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. The merchandise in this case is a piece of steel 15 feet long, 4 feet 2 inches wide, 6½ inches thick, and weighing over 6 tons, with a geometrical design engraved on one side. It is a completed article ready for use in the manufacture of glass. The Circuit Court affirmed the decision of the Board of General Appraisers assessing it under paragraph 193 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645]) which reads:

Articles or wares not specially provided for in this act, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem.

The importers, on the other hand, claim that it should have been assessed under paragraph 135, the relevant parts of which read as follows:

Steel ingots, cogged ingots, blooms, and slabs, by whatever process made; die blocks or blanks; billets and bars and tapered or beveled bars; mill shafting; pressed, sheared, or stamped shapes; saw plates, wholly or partially manufactured; hammer molds or swaged steel; gun-barrel molds not in bars; alloys used as substitutes for steel in the manufacture of tools; all descriptions and shapes of dry sand, loam, or iron-molded steel castings; sheets and plates and steel in all forms and shapes not specially provided for in this act. * * *

Schedule C of the act is entitled "Metals and Manufactures of," and from paragraphs 121 to 142 covers, generally speaking, iron and steel in forms upon which further work must be done before they are used. Paragraphs 142 to 172, on the other hand, cover completed articles made of iron or steel ready for use.

Judge Hazel in Morris v. United States (C. C.) 140 Fed. 774; T. D. 25,183, held without opinion a similar importation to be dutiable under paragraph 135, but his decision in the subsequent case of United States v. Newman Wire Co. (C. C.) 152 Fed. 488, T. D. 27,896, indicates a change of view. Our decision in the latter case (159 Fed. 123, 86 C. C. A. 511, T. D. 28,600) applies here no further than to indicate that the merchandise is a slab and cannot be regarded as a sheet or plate. The question whether it is dutiable under paragraph 135 or paragraph 193 was expressly reserved.

The uncontradicted testimony shows that further work must be done on all the articles specifically mentioned in paragraph 135 before they are ready for use, except perhaps in the case of hammer molds or gun-barrel molds, about which there is no proof at all. This being so, we think the intent of Congress will be best ascertained by construing the final catch-all clause of the paragraph, "steel in all forms and shapes not specially provided for in this act," as applying to other uncompleted forms and shapes than those previously enumerated. As the merchandise in question has been advanced actually and commercially beyond the articles covered by paragraph 135 so construed, is ready for use, and is not elsewhere specifically provided for, it falls within the general catch-all paragraph 193.

Judgment affirmed.