In re NOYES BROS.

SMITH v. NATIONAL SUFFOLK BANK.

(Circuit Court of Appeals, First Circuit. December 14, 1903.)

No. 492.

1. BANKRUPTCY—APPEAL—REVIEW OF FINDINGS OF FACTS.

On an appeal taken under Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], the same rule governs as in equity cases, and a finding of fact made by a referee and affirmed by the District Court will not be reversed unless manifestly against the weight of evidence.

2. SAME—PROOF OF CLAIMS—PART PAYMENT BY ACCOMMODATION INDORSER.

The rule is well settled that a creditor whose claim is secured or partly paid by an accommodation indorser may prove the claim to its full amount without giving the estate the benefit of the security or part payment.

Appeal from the District Court of the United States for the District of Massachusetts.

Frank H. Stewart, for appellant.

Henry S. MacPherson (Gaston, Snow & Saltonstall, on the brief), for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. This case, coming to us on appeal under section 25 of the bankruptcy statute (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), we think fairly enough raises all material questions relating to the status of the claim in question. The important question before the referee in bankruptcy as a tribunal of first instance, and subsequently before Judge Lowell, sitting in the District Court for the District of Massachusetts, was a question of fact.

It appears that the National Suffolk Bank of Boston offered for proof against the estate of the bankrupt seven promissory notes amounting to $20,000. These notes were made by the bankrupt, and indorsed by the bankrupt through David W. Noyes as treasurer and

¶ 1. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

¶ 2. See Bankruptcy, vol. 6, Cent. Dig. § 512.

by David W. Noyes individually. Certain collateral security held by the creditor had been sold, and the proceeds were being held by the creditor, and the real question was whether the collateral and its proceeds were held by the creditor as security for the general indebtedness of the maker of the notes or as security of the individual indorsement. Certain creditor interests claimed that the proceeds of the collateral should be applied in reduction of the face amount of the notes. Whether this should be so depends, of course, upon a question of fact; that is to say, upon the question whether the collateral was for the security of the individual indorsement of Noyes or whether it was security for the indebtedness of the corporation generally.

It was found by the referee expressly, and inferentially by Judge Lowell, to whom an appeal was taken, and who affirmed the judgment of the referee, that the collateral was for the security of Mr. Noyes' individual indorsement. Such question of fact having been passed upon by the referee and the District Court, it cannot be disturbed here upon appeal unless the proposition is clearly and unmistakably established that the finding in the tribunals below was erroneous. The statute authorizing appeals like the one here expressly provides for "appeals as in equity cases." That kind of an appeal being authorized, the proceeding thereunder would conform itself, as far as may be consistent with justice, to the ordinary course of equity procedure; and it is a familiar rule in equity that an appellate court will not interfere with findings of fact under such circumstances as appear here, unless the findings are clearly erroneous, or, as it is sometimes expressed, manifestly against the weight of evidence. Some cases go so far as to hold that a chancellor's findings will not be reversed where the appellate court cannot see that the decree is right, and where the evidence raises some doubt as to its correctness. But it is not necessary to go to that extreme in this case, for, while the evidence presented by the record is meager, there is nothing in the case to lead us to doubt the correctness of the finding below. The fact, therefore, remaining established that the collateral was for the security of the individual indorsement, the creditor, under the authorities, is entitled to prove its claim for the full amount.

It is too late to go to the reason of the rule which permits a creditor whose claim is secured or partly paid by an accommodation indorser to prove the claim to its full amount, and exclude from the bankrupt estate the avails of such security or part payment, because the authorities in this country and England establishing that rule are such that we feel we ought to be governed by them.

The decree of the District Court is affirmed, and the appellee recovers its costs of appeal.