GORMAN v. WRIGHT.

(Circuit Court of Appeals, Fourth Circuit. February 21, 1905.)

No. 569.

1. BANKRUPTCY—SECURED CLAIMS.

Under Bankr. Act July 1, 1898, c. 541, § 1, subd. 23, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3419], providing that the term "secured creditor" shall include a creditor who has security for his debt on the property of the bankrupt of a nature assignable under the act, or who owns such a debt for which some indorser, surety, or other person secondarily liable for the bankrupt has such security, a creditor, in order to be "secured," must either hold security against the property of the bankrupt himself, or be secured by the individual obligation of another who holds such security.

2. SAME—PROOF OF CLAIMS—PARTICIPATION DIVIDENDS.

Where a creditor was properly allowed to prove his claim as against a bankrupt indorser as an unsecured claim, he was not required to realize and credit the proceeds of collateral securities held by him against the maker of the obligation, who was the principal debtor, before being allowed to participate in the distribution of the estate of the indorser.

Appeal from the District Court of the United States for the Eastern District of North Carolina, in Bankruptcy.

For opinion below, see 132 Fed. 274.

Wm. B. Guthrie (Wm. A. Guthrie, on the brief), for appellant.

Manning & Foushee, for appellee.

Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

GOFF, Circuit Judge. In the matter of B. W. Mathews, bankrupt, one P. H. Gorman filed a claim founded on a note dated November 29, 1901, signed by J. N. Gorman, payable to the order of P. H. Gorman, for $10,000, due on demand, and indorsed by said B. W. Mathews. R. H. Wright, a creditor of the bankrupt, objected to the allowance of this claim, assigning as cause therefor that P. H. Gorman held security for its payment not disclosed in his proof thereof, and therefore he asked the court to direct that it be not allowed as an "unsecured" claim against said bankrupt estate. Such proceedings were had before

the referee as made it appear that the maker of said note placed in the hands of the payee thereof (P. H. Gorman), as additional security for its payment, 96 shares of the capital stock of the Gorman-Wright Company, which said payee still held in his possession; that said company was in the hands of a receiver, and such stock practically worthless; that said J. N. Gorman had also been adjudicated a bankrupt; and that all the dividends to which such claim would be entitled out of both of said bankrupt estates, together with any proceeds of the sale of such stock so placed as collateral, would be insufficient to pay in full the amount due on said note. The full amount of the claim, $11,376.66, had theretofore been proved as an unsecured debt, as of the day of the adjudication of Mathews a bankrupt.

The referee sustained the contention of the objecting creditor, and held that the claim of P. H. Gorman could not participate in the estate of the bankrupt until it had been credited with the full value of the collateral mentioned. This action of the referee was certified to the District Court for review, and on consideration thereof the judge of that court, stating the question before him as follows, viz.: "Whether a creditor who has been allowed to prove his claim as an unsecured creditor against a surety or indorser must realize and credit the proceeds of collateral securities held by him against the principal debtor before being allowed to participate in the distribution of the estate of the surety or indorser"—answered such question in the affirmative, thereby affirming the order of the referee. From this conclusion of the court below this appeal is prosecuted.

That the claim of P. H. Gorman was properly proven as an "unsecured" claim against the estate of the bankrupt Mathews is entirely clear. The security held by said Gorman was the property of the maker of the note, in which the bankrupt had no interest, and, therefore, under subsection 23 of section 1 of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3419], the claim was properly allowed against the estate of the bankrupt indorser for the full amount due, regardless of said security. In re Headley (D. C.) 97 Fed. 765, 771; Coll. Bankr. (3d Ed.) 314, 386; Swarts v. Fourth Nat. Bank of St. Louis, 117 Fed. 1, 54 C. C. A. 387, 393; In re Anderson, 12 N. B. R. 502, Fed. Cas. No. 350; In re Dunkerson et al., 4 Biss. 253, Fed. Cas. No. 4,157.

While the court below affirmed the referee in permitting said claim to be filed as an unsecured claim against the estate of the bankrupt Mathews, it subsequently, in approving the order for a dividend, directed the withholding of all payments on said claim until after it had been credited with the proceeds of the collateral given the payee by the maker of the note, and this in effect was holding that such claim was "secured," to the extent at least of the value of the collateral mentioned. This was error, for under the bankruptcy law a creditor, to be "secured," must either hold security against the property of the bankrupt, or be secured by the individual obligation of another who holds such security; and, as it is clearly shown by the record that P. H. Gorman did not come within either of said classes, it must follow that the order requiring the application of the collateral of the principal

creditor was treating the claim as secured to that extent, and hence error.

The court below, in directing that a creditor who has been allowed to prove his claim as an unsecured creditor against the bankrupt indorser must realize and credit the proceeds of collateral securities held by him against the principal debtor before he will be allowed to participate in the distribution of the estate of such indorser, may have been observing the usual equity rules applicable to the adjustment of similar matters in ordinary proceedings, but in so holding we think that due force and effect was not given to that portion of the bankruptcy act which defines the two classes of creditors, the "secured" and the "unsecured." We have hereinbefore in effect described the "secured" debts. All other debts than those so mentioned must be "unsecured."

The security held by P. H. Gorman was not the property of the bankrupt Mathews, and its value is immaterial; for Gorman was entitled not only to prove his entire claim against such bankrupt estate, but also to receive the regular dividends thereon, and then proceed to enforce his claim upon his security. The equitable rule that a creditor having a lien upon two funds must exhaust that one upon which other creditors have no lien does not apply in cases where it operates to the injury of the party having the double lien, and this rule has, in substance, been made part of the bankrupt act.

There is error in the order complained of, which will be reversed, and this cause will be remanded to the court below, with directions to proceed further herein, as indicated by this opinion and judgment. Reversed.