· In re H. V. KEEP SHIRT CO.

Ex parte EDWARD McCONNELL & CO.

(District Court, S. D. New York. November 1, 1912.)

BANKRUPTCY (§ 314*)—PROVABLE CLAIMS—RIGHTS OF SURETY.

   A creditor, who had sold goods to the bankrupt for which a third person became surety, afterwards received from the surety, as security, a note of the bankrupt arising upon a separate transaction. *Held*, that such note, being the property of the surety, did not inure to the bankrupt's interest, but to that of the surety, and was a separate debt, and that the creditor was entitled to prove on both claims.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 469–473, 478, 483–487, 489, 490; Dec. Dig. · § 314.*]

In the matter of the H. V. Keep Shirt Company, bankrupt. On review of order of referee disallowing in part the claim of Edward McConnell & Co. Reversed.

William S. Bennett, for claimant.
Austin & McClenehan, for bankrupt.

HAND, District Judge. This seems to be a case of first impression. A. sells to the bankrupt a bill of goods, payment of which B. guarantees. Later, when A. presses B. for security, B. gives him a note of the bankrupt arising upon a separate transaction. Then follows the bankruptcy, and A. seeks to prove upon both claims. The referee has allowed proof upon the note in full, and upon the bill of goods less the dividend declared on the note. . A. insists upon dividends in full on both, and the difference is the amount of the dividend upon so much of the bill of goods as was paid by the dividend of the note.

The theory of the referee is that, as A. held the note as security, the dividend must be deducted from the face of the bill of goods, because the dividend constitutes the value of the security. Act July 1, 1898, c. 541, § 57, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443). This would be true enough, if the bankrupt had given the security; but it. was not the bankrupt, but a surety of the bankrupt, who gave it. Thus, if a surety gives property of his own as security to the creditor, it will not inure to the principal's interest, and if the creditor realize upon it the surety is subrogated as though he had paid. It is quite clear, therefore, that, even if the creditor here may not prove for the dividend upon the amount deducted from the claim, the surety, if he take up the balance of the debt, must have that right, else his property has discharged the principal, and he is without recourse, which is obviously contrary to law.

Therefore the question comes down to this: May the creditor in the first instance prove, or must the surety take up the balance and sue afterwards? The surety has no rights which the creditor originally had not. Subrogation is only a fiction, by which he is said to be an assignee of the creditor's claim. Hence, if the creditor have no right, neither has the surety, and the bankrupt would enjoy a wrongful immunity.

The original error arises from regarding the security as a fund which should exonerate the estate. The statute does not so regard it, unless it be a part of the bankrupt estate itself (section 1, subd. 23), and the law is well settled that a surety's security does not exonerate the estate (In re Noyes, 127 Fed. 286, 62 C. C. A. 218; In re Mertens, 144 Fed. 818, 75 C. C. A. 548). The referee appears to have been misled into supposing that, because the note was made by the bankrupt, it was a part of the bankrupt's property. Of course, it never was, but was a part of the surety's property. It became security only after he delivered it as a part of his property.

Order reversed; both claims to stand in full.