## In re THOMPSON.

(District Court, E. D. New York. September 23, 1913.)

1. BANKRUPTCY (§ 334*)—CLAIMS—LIABILITY OF INDORSER—STATUTES—"SECURED CREDITOR."

Under Bankruptcy Act July 1, 1898, c. 541, § 1, subd. 23, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3419), declaring that the term "secured creditor" shall include a creditor who has security for his debt on the property of the bankrupt of a nature to be assignable under the act, or who owns such a debt for which some indorser, surety, or other person liable for the bankrupt has such security on the bankrupt's assets, the security is limited to the property of the estate, and hence, where a bank was the holder of a note of a third person secured by corporate stock not belonging to the bankrupt who was liable as an indorser, the bank was not a "secured creditor," but was entitled to prove the note as an unsecured claim against the bankrupt's estate without liquidating or delivering the stock, as provided in cases of security from the bankrupt, by section 57h.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 501–507; Dec. Dig. § 334.*

For other definitions, see Words and Phrases, vol. 7, p. 6385; vol. 8, p. 7796.]

2. BANKRUPTCY (§ 364*)—SECURED CLAIMS—PAYMENT—SUBROGATION—ADJUSTMENT OF RIGHTS.

Where the bankrupt was liable as an indorser on the note of a third person to a bank secured by certain corporate stock not belonging to the bankrupt, and the holder elected to prove the same against the bankrupt's assets to enforce the indorser's liability, the trustee would be subrogated to the indorser's rights as against the security, which rights should be adjusted before payment of a final dividend.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 485, 504; Dec. Dig. § 364.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Frederick Thompson. Application by a creditor to prove his claim after the expiration of a year from adjudication, the same having been previously rejected without notice. On appeal from a Referee's order denying the application. Reversed.

Frank M. Patterson, of New York City, for creditor.
Joseph E. Clark, of Brooklyn, N. Y., for trustee.

CHATFIELD, District Judge. In the above matter adjudication occurred on the 8th day of June, 1912, and the first and only dividend was declared on the 12th day of July, 1913. The Mechanics & Metals National Bank attempted to prove a claim at the first meeting, which it appears was rejected by the referee, but no notice of this rejection was given to the creditor and no inquiry was made by the creditor before the declaration of the dividend. Although the year has elapsed, the creditor has asked to be allowed to prove its claim (thus necessarily being included in the discharge), and this relief was ordered by the

court, without determining whether the creditor would be able to obtain any payment of his debt, even if the claim were allowed. The referee has rejected the claim and an appeal has been taken from his action to this court.

[1] The referee bases his rejection upon the fact that the bankrupt was an indorser upon a note held by the Mechanics & Metals National Bank and upon which they seek to base their claim. The maker of this note deposited certain shares of stock as collateral or security for his payment, and the creditor herein has not liquidated nor turned over this stock, under the provisions of section 57h of the statute. Act July 1, 1898, c. 541, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443). On the other hand, he has presented a claim as an unsecured creditor, and it is this claim which the referee has rejected.

The case of In re Headley (D. C.) 97 Fed. 765, is authority for the creditor's interpretation of the statute, chapter 1, § 1, subd. 23, and the case of Gorman v. Wright, 136 Fed. 164, 69 C. C. A. 76, decided by the Circuit Court of Appeals in the Fourth Circuit, approves of the same conclusion; it appearing that the words "secured creditor," for the purposes of the administration of the bankrupt's estate, are limited to security out of or against the estate. In this respect the referee's decision was incorrect and he should have allowed the claim in question.

[2] The payment of any dividend upon the claim would, under the ordinary laws relating to negotiable paper, subrogate the indorser to the payee's rights against the maker, and these matters would have to be adjusted by the trustee before final dividend. Section 57, subd. 1, would by analogy support this proposition also.

But the creditor has the right under the statute to prove the face value of his claim against the indorser, without the surrender or liquidation of his security against other parties. The appeal will be sustained, and an order will be entered directing the referee to prove the claim.