### In re MANHATTAN BRUSH MFG. CO.

(District Court, S. D. New York. December 11, 1913.)

#### No. 491.

BANKRUPTCY (§ 316*)—CLAIMS—INDORSERS FOR BANKRUPT—PAYMENT—RIGHTS OF INDORSERS.

    Bankr. Act July 1, 1898, c. 541, § 57i, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), provides that whenever a creditor, whose claim against a bankrupt estate is secured by the individual undertaking of any person, fails to prove the same, such person may do so in the creditor's name, and if he discharge the undertaking in whole or in part he should be subrogated to the extent of the rights of the creditor. *Held*, that where the indorsers of the bankrupt's notes paid certain amounts less than their full face value to the holders and were thereupon discharged from liability as indorsers, and the holders proved the notes for the entire amount as claims against the bankrupt's estate, the indorsers were not entitled to prove the amounts paid by them on the notes as claims against the estate, being only entitled to receive from the holders any overplus more than the total amount due on the notes after crediting the dividends received from the bankrupt's estate and the amount received from the indorsers.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 474–477; Dec. Dig. § 316.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Manhattan Brush Manufacturing Company. On motion for the allowance of claims of indorsers of certain notes made to the bankrupt for money paid to the holders for release of the indorsers' liability.

Abr. A. Silberberg, of New York City, for creditors E. & H. Levy and Isaac Polack.

James F. Carroll, of New York City, for bankrupt.

HOLT, District Judge. This is a motion for an allowance of two claims. The bankrupt has proposed a composition which has been confirmed. The money is ready to be paid under the composition. Part of each of said claims is based on promissory notes of the bankrupt held by the claimants. An order directing the allowance of that part of the claim is not objected to. Another part of each of said claims is based upon the payment of moneys by the claimants to the present holders of certain notes made by the bankrupt on which the claimants were indorsers. The holders of said notes have proved against the bankrupt their claim in full upon the notes, but the claimants have actually paid certain amounts to the holders on the notes, and thereby, under an agreement to that effect, have been discharged from their liability as indorsers. They ask to be permitted to prove against the bankrupts for the amount of such payments, and to receive the dividends on them agreed to be paid under the composition.

Section 57i of the Bankrupt Act provides that:

"Whenever a creditor whose claim against a bankrupt estate is secured by the individual undertaking of any person, fails to prove such claim, such person may do so in the creditor's name, and if he discharge such undertaking in whole or in part he shall be subrogated to that extent to the rights of the creditor."

Under this section an indorser cannot prove against a bankrupt in his own name, whether the note is due or not due, and whether the indorser has paid anything on the note or not. The holder of the note proves the claim, and if he neglects to do so the indorser can prove in the holder's name, but not in his own name. If the indorser pays the note in whole or in part, the section quoted provides that he is subrogated to that extent to the rights of the holder. But this does not mean, in my opinion, that he can prove for such payment against the bankrupt. In a case where an indorser has paid the note in whole or in part, the holder of the note, if he should receive from the bankrupt its entire amount, would hold an amount equal to that which the indorser had paid in trust for the indorser, and would be obliged to reimburse him to that amount; but, where an indorser has paid in part, the holder is entitled to receive the entire dividends from the bankrupt under his proof as holder until the amounts paid to the holder in the shape of dividends from the bankrupt and the amount paid by the indorser pay the note in full.

In this case, if the dividends paid under the composition to the holder, together with the amount which has been paid by the indorser to the holder, shall exceed the amount due to the holder on the notes, the holder of the notes will be liable to pay the excess to the indorser in reimbursement. But unless the total amount received by the holder from both sources equals the entire amount due, the holder is entitled to receive the entire amount payable from the bankrupt. In my opinion, therefore, those parts of the claims which consist of a claim for

money paid by the claimants to the holders of the note cannot be made the basis of a claim against the bankrupt. Unless the total amount paid to the holders of the note pays the notes in full, the indorsers have no claim against anybody. If the total amount paid exceeds the amount due on the notes, the indorser has a claim against the holder of the notes for reimbursement to the amount of the excess. This is a direct claim against the holder for money received.

The motion is therefore granted as to the claim based on the notes held by the claimants, and denied as to the claims based on the amount paid upon the indorsement.