## WRIGHT et al. v. RUMPH.

(Circuit Court of Appeals, Fifth Circuit. December 2, 1916. Rehearing Denied January 9, 1917.)

### No. 2915.

1. CONTRIBUTION ☞4—JOINT MAKERS OF NOTE.

Where one of several joint makers of a note declined to pay his pro rata share, and the other joint makers discharged the note, paying equal shares, each of such makers acquired a separate action against that maker declining to pay his proportionate share, for, while each maker is liable to the holder for the full amount, they are, as between themselves, liable only for their proportionate share, and are bound to indemnify any other maker, who may pay more than his proportionate share.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 3, 4; Dec. Dig. ☞4.]

2. BANKRUPTCY ☞76(1)—CLAIMS—"PROVABLE CLAIMS"—PETITION.

Bankr. Act July 1, 1898, c. 541, §§ 59, 63, 30 Stat. 561, 562 (Comp. St. 1913, §§ 9643, 9647), respectively declare that three or more creditors who have provable claims against any person, amounting in the aggregate in excess of $500, may file a petition to have such person adjudged a bankrupt, and that debts of the bankrupt may be proved and allowed against his estate which are founded upon a contract, express or implied. Defendant, one of six joint makers of a note for $10,000, declined to pay his pro rata share, and the other five makers discharged the note, paying it in equal shares. Held that, as there was an implied promise on the part of defendant to indemnify his comakers, the claim of each comaker for his proportionate share constituted a "provable debt" within the act, and entitled such makers to file against defendant a petition in involuntary bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 50, 56, 99, 100; Dec. Dig. ☞76(1).

For other definitions, see Words and Phrases, First and Second Series, Provable Claim.]

Appeal from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Petition in involuntary bankruptcy by J. H. Wright and others against W. V. Rumph. From a decree of dismissal, petitioners appeal. Reversed.

O. W. Gillespie, of Ft. Worth, Tex., for appellants.

D. M. Alexander, of Ft. Worth, Tex. (H. D. Payne and Alexander, Baldwin & Ridgway, all of Ft. Worth, Tex., on the brief), for appellee.

Before PARDEE and WALKER, Circuit Judges, and FOSTER, District Judge.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WALKER, Circuit Judge. The four appellants, J. H. Wright, J. H. Harrison, J. M. Back, and Martin Ballweg, filed an involuntary petition in bankruptcy against W. V. Rumph. The alleged bankrupt filed a motion to dismiss the petition, upon grounds suggesting the insufficiency of it upon its face. This motion was granted, the order to that effect stating that the petition and the proceedings thereon "are hereby dismissed for the reason that in the opinion of the court said petitioners fail to show that they are three creditors with provable claims within the true intent and meaning of the acts of Congress relating to bankruptcy." The averments of the petition showed the following facts:

On the 2d day of September, 1915, the four petitioners, together with W. V. Rumph and J. N. Thomas, for a valuable consideration executed and delivered as joint makers, and became and were equally bound to pay, two notes, one in the sum of $11,386.55, payable to the Ft. Worth National Bank, of Ft. Worth, Tex., and one in the sum of $10,000, payable to the Stockyards National Bank, of the same place; both of said notes falling due on the 1st day of December, 1915. Said Rumph failed and refused to pay his pro rata part of said notes. The petitioners, together with said Thomas, were compelled to pay, and did pay on the 1st day of December, 1915, all of said notes, principal and interest, to the said banks in the following manner: The petitioners and Thomas paid in full in cash the $10,000 note, each paying one-fifth thereof, $2,000, and they paid in cash on the principal and interest of the $11,386.55 note the sum of $7,695.20, each paying one-fifth thereof, $1,539.04, and then and there promised to execute their note for the balance due on the last-named note, which cash payment, and the execution and delivery of the note for said balance, were accepted by the Ft. Worth National Bank as full payment and discharge of the $11,386.55 note to it, and thereafter, on January 22, 1916, in pursuance of said promise, the petitioners and said Thomas executed their note, as joint makers, for the sum of $3,956.45, payable to the Ft. Worth National Bank. The petition alleged the insolvency of Rumph on December 1, 1915, and at the time the petition was filed in March, 1916, and the commission by him of acts of bankruptcy during the month of December, 1915.

[1, 2] To the extent of one-sixth of the $2,000 paid by each of the petitioners to discharge the $10,000 note, his payment was of an amount which his co-obligor, Rumph, should have paid. While the six makers of the note were jointly bound as principals to the payee of it, yet, as between themselves, each was a principal only for his share, and a surety for the remainder. The law implies a promise from each of such obligors to each of the others that each will indemnify the other in case he pays more than his proportionate part of the obligation. Each of the five joint obligors who together paid off the note, each paying one-fifth of the amount due, thereby acquired a separate right of action against the comaker who did not participate in the payment to recover of the latter one-fifth of the amount which he should have contributed as his proportionate part of the $10,000 payment. Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528;

Bragg v. Patterson, 85 Ala. 233, 4 South. 716; 2 Elliott on Contracts, § 1393; 6 Ruling Case Law, pp. 1044, 1046, 1061. Without regard to the averments of the petition with reference to the payment of the note for $11,386.55, we are of opinion that it showed that the payment of the $10,000 note was so made as to give to each of the four petitioners a provable claim against the alleged bankrupt within the meaning of Bankruptcy Act, §§ 59, 63. The petition was not subject to be dismissed on either of the grounds stated in the motion made to that end.

The decree dismissing the petition is reversed.