## In re PAN-AMERICAN MATCH CO.

(District Court, D. Massachusetts. July 16, 1917.)

No. 24767.

1. BANKRUPTCY ⟜123—ELECTION OF TRUSTEE—OBJECTIONS TO CLAIMS.

Where objection is made to claims against a bankrupt, it is discretionary with the referee either to delay the election of a trustee and go into the objection sufficiently to determine whether the claims should be voted, or to suspend the claims and go forward with the election without them.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 171–179.]

2. BANKRUPTCY ⟜123—ELECTION OF TRUSTEE—RIGHT TO VOTE—"SECURED CREDITOR."

Under Bankr. Act July 1, 1898, c. 541, § 1, subd. 23, 30 Stat. 544 (Comp. St. 1916, § 9585), defining a "secured creditor" as one who has security for his debt upon property of the bankrupt assignable under that act, or owning such a debt for which other persons secondarily liable have such security, and section 56b (Comp. St. 1916, § 9640), providing that creditors holding secured claims shall not be entitled to vote at creditors' meetings, the holder of a note made by the bankrupt and indorsed by third persons, who put up collateral security belonging to them as security for its payment, was not a secured creditor, and was entitled to vote for trustee, as a claim not secured by property of the bankrupt may eventually be presented as an unsecured claim, and the holder of the note might be assumed to act in behalf of the indorsers.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 171–179.

For other definitions, see Words and Phrases, First and Second Series, Secured Creditor.]

In Bankruptcy. In the matter of the Pan-American Match Company, bankrupt. On review of certain rulings of the referee. Order affirmed.

John B. O'Brien, of Boston, Mass., for petitioners.

George A. Gaskill and Thayer, Smith & Gaskill, of Worcester, Mass., for alleged secured creditor.

MORTON, Jr., District Judge. This is a review of certain rulings of the referee made in connection with the election of a trustee.

[1] As to the Green claims: Objection having been made to them, it was discretionary with the referee, either to delay the election and go into the objections sufficiently to determine whether the claims should be voted, or to suspend the claims and go forward with the election without them. In taking the latter course, it does not appear that he abused his discretion.

[2] As to the Worcester Trust Company claim: The trust company held a note for $15,000, made by the bankrupt and indorsed by certain third persons. The indorsers put up collateral security, belonging to them, with the trust company as security for the note. The collateral and the indorsements were of sufficient value to make payment of the note practically certain. Notwithstanding these facts, the learned referee allowed the trust company, against objection, to prove as an unsecured creditor its full claim on the note. The effect of this ruling was to give the trust company control of the appointment of trustee.

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The question is whether the trust company was a "secured creditor." If so, of course, it was not entitled to prove and vote, as it was permitted to do. B. A. § 56b. The expression "secured creditor" is defined in the act as follows:

"(23) 'Secured creditor' shall include a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this act, or who owns such a debt for which some indorser, surety, or other persons secondarily liable for the bankrupt has such security upon the bankrupt assets."

A creditor's claim may be amply secured, but he is not a "secured creditor," within the meaning of the act, unless the security is on "property of the bankrupt." The reason for such a rule probably is that, when no property of the bankrupt is held as security, the claim is, as to the estate, an unsecured one, and may eventually be so presented against it. It is true that the trust company here has no financial interest in an efficient administration in bankruptcy; but the indorsers have, and the trust company may be assumed to act in their behalf. In re Noyes Bros., 127 Fed. 286, 62 C. C. A. 218 (C. C. A. 1st Cir.); In re Headley (D. C.) 97 Fed. 765; Gorman v. Wright, 136 Fed. 164, 69 C. C. A. 76; In re Bailey (D. C.) 176 Fed. 990; Collier, Bankruptcy (10th Ed.) p. 724; Remington on Bankruptcy (2d Ed.) § 756.

Order of referee affirmed.