STATE ex rel SOMMER et al, Respondent, v. THE INTERSTATE SURETY COMPANY, Appellant.

(189 N. W. 679.)

(File No. 5038.    Opinion filed August 30, 1922.    Rehearing denied October 27, 1922.)

1.  Pleadings—Parties—Suit on Warehouseman's Surety Bond—Bankrupt Warehouseman, Bankruptcy Trustee, Whether Necessary Plaintiff.

    In a suit by holders of warehouse storage tickets against

surety upon warehouseman's bond, warehouseman having filed petition in bankruptcy, held, the trustee in bankruptcy is not a necessary party plaintiff; since under Sec. 9758, Code 1919, the stored grain in question is primarily a trust fund for payment of outstanding warehouse receipts; and no part of surety's liability is applicable to payment of claims of bankrupt's general creditors.    So held, where aggregate amount of bonds sued on is insufficient to pay balance due on outstanding storage tickets.

2.   **Actions—Pleadings—Misjoinder of Causes—Motion, Not Demurrer, Proper Remedy.**

The objection that a complaint was defective for misjoinder of causes of action is one pertinent to a motion to make more definite or to require cause of action on each of two bonds sued on to be separately stated; demurrer not being the proper remedy.

3.   **Pleadings—Recovery by Storage Ticket Holders on Warehouseman's Surety Bond—Bankrupt Warehouseman, Claims Filed with Trustee, Whether Waiver of Rights Under Bond—Surety's Liability Not "Property of Bankrupt."**

The objection to a suit by holders of warehouse storage tickets upon warehouseman's surety bond, that plaintiffs waived their right to the surety security when they filed and proved their claims as creditors against the warehouseman's trustee in bankruptcy, is untenable; the surety's liability (where bankrupt's assets amount to less than ticket holders' claims) being only for benefit of storage ticket holders, and would not upon such waivers become general assets of bankrupt's estate, and such liability is not "property of the bankrupt" within bankruptcy law.

Anderson, and Sherwood, JJ., not sitting.

Appeal from Circuit Court, Brown County.    Hon. FRANK ANDERSON, Judge.

Action by the State of South Dakota on the relation of H. J. Sommer and others, for themselves and on behalf and for the benefit of all others similarly situated, including all holders of storage tickets and owners of stored grain in the Richmond Equity Exchange, a corporation, against the Inter-state Surety Company, a corporation, to recover upon warehouseman's surety bonds.    From an order overruling a demurrer to the complaint, defendant appeals.    Affirmed.

*W. F. Corrigan,* and *Sterling, Clark & Grigsby,* for Appellant.

38—Vol. 45, S. D.

*Williamson, Williamson & Smith,* for Respondent.

(·1)   To point one of the opinion, Appellant cited:   Secs. 2306, 2313, 2315, Code 1919.

Respondents cited:   Sec. 2308, Code 1919; State v. Newman (S. D.), 66 N. W. 468; Philips v. Semingson (N. D.), 142 N. W. 47.

(3)  ·To point three, Appellant cited:   In re Fisk and Robinson, 185 Fed. 974; In re Burr Mfg. & Supply Co., 217 Fed. 16.

Respondents cited:   Gorman v. Wright, 136 Fed. 164, 69 ·C. C. A. 76; Collier on Bankruptcy, p. 724.

GATES, P. J.   Action against the surety upon two warehouseman's bonds.   The appeal is from an order overruling defendant's demurrer to the complaint.

The action is brought by the state, the obligee in the bonds, on the relation of three holders of storage tickets and for the benefit of others similarly situated.   The complaint alleges that the Richmond Equity Exchange was a duly licensed public warehouseman operating two grain elevators at Richmond, S. D.; that defendant, as surety, executed and delivered a warehouseman's bond in the sum of $6,000 for each elevator; that the warehouseman received grain from relators and others in said warehouses during the period covered by said bonds in excess of the value of $20,000, and issued storage tickets therefor; that it converted all of such grain, except to the value of about $5,000, and had on hand at the time of bankruptcy proceedings grain of the value of less than $5,000; alleges the bankruptcy proceedings and the appointment of a trustee, and the sale of the grain by the trustee; that the proceeds were less than 17 per cent of the amount of the outstanding storage tickets; the application thereof pro tanto on ·the storage tickets; and demand on the bankrupt and on the surety.   The action is brought to cause the amount of the surety bonds to be applied upon the other 83 per cent of the amount of the storage tickets.

[1]  Appellant first urges that there was a defect of parties plaintiff, in that the trustee in ·bankruptcy was not joined.   By section 9758, Rev. Code 1919, stored grain is primarily a trust fund to be applied in payment of outstanding warehouse receipts. The warehouseman's bond is an undertaking that the warehouse-

man shall perform its duty and comply with the law.   Under the facts alleged, the aggregate amount of the bonds will not be sufficient to pay the balance due on the outstanding storage tickets. No part of the liability of the surety can properly be applied to the payment of claims of general creditors of the bankrupt. There is no allegation of any breach of the bonds, other than that arising from the issuance of storage tickets and the conversion of the grain by the warehouseman.   Under the facts alleged, the trustee in bankruptcy is not concerned with the collection of the liability of the surety.

[2]   It is next contended that there was a misjoinder of causes of action.   Appellant's argument raises points that might be worthy of consideration, if the complaint were under attack by a motion to make it more definite and certain, or by a motion to require the cause of action on each bond to be separately stated. Demurrer is not the proper remedy.   Austin T. & W. Mfg. Co. v. Heiser, 6 S. D. 429, 61 N. W. 445; Just v. Martin Bros. Co., 37 S. D. 470, 159 N. W. 44; McAlpin v. Baird, 40 S. D. 180, 166 N. W. 639.

[3]   Finally, appellant contends that the complaint does not state facts sufficient to constitute a cause of action.   The principal argument under this head is that the storage ticket holders have waived their right to the security furnished by the surety bonds, because they have filed and proved their claims as creditors in the bankruptcy court.   There might be ground for this position, if the security were such as would become assets of the bankrupt's estate in case of its waiver by the storage ticket holders. But the liability of the surety, under the facts alleged, is only for the benefit of the storage ticket holders, and would not upon such waiver become general assets of the bankrupt's estate.   It is therefore not alleged to be "property of the bankrupt," within the meaning of the Bankruptcy Law.   Gorman v. Wright, 136 Fed. 164, 69 C. C. A. 76.

The order appealed from is affirmed.

ANDERSON, and SHERWOOD, JJ., not sitting.