## In re HANSON & TYLER AUTO CO. et al.

## Petition of BANKERS' TRUST CO.

(District Court, N. D. Iowa, C. D. December 18, 1922.)

No. 1257.

Bankruptcy ⬀316(3)—Guarantor of part of debt, who pays after proof made, held not subrogated to rights of creditor.

Bankruptcy Act, § 57i (Comp. St. § 9641, subd. "i"), *held* not to entitle the guarantor of part of a debt of bankrupt, who pays such part after the claim has been proved by the creditor, to subrogation to the rights of the creditor to the extent of such payment, but the creditor *held* entitled to all dividends until fully paid, being liable over to the guarantor only for any excess received.

In Bankruptcy. In the matter of the Hanson & Tyler Auto Company, bankrupt. On petition of the Bankers' Trust Company to review order of referee. Reversed.

See, also, 283 Fed. 848, 850.

Sargent, Gamble & Read, of Des Moines, Iowa, for Bankers' Trust Co.

Healy, Thomas & Healy, of Ft. Dodge, Iowa, for Gadd, trustee.

SCOTT, District Judge. The above-entitled matter came before the court on the 16th day of November, 1922, upon petition of the Bankers' Trust Company, a creditor, for the review of an order by John M. Schaupp, Jr., referee in bankruptcy, made and entered on the 10th day of June, 1922, wherein the referee denied the application of petitioner for payment of certain dividends, holding that a guarantor of a portion of petitioner's debt, having paid such guaranteed portion, was entitled to prove petitioner's claim to that extent, and that petitioner's claim, theretofore filed and allowed for the full amount, should be reduced to the extent of the amount paid by the guarantor.

It appears from the record that petitioner filed an unsecured claim in the sum of $35,496.90, based upon certain promissory notes for moneys loaned bankrupt. This claim was filed August 16, 1921. On January 20, 1922, one Christian filed a claim for $26,217.44, based upon the payment of that amount to petitioner under a contract of guaranty limited to the sum of $26,000 and interest. It appears that Christian had signed a written guaranty of bankrupt's indebtedness to petitioner to the extent of $25,000, with interest at the rate of 8 per cent. per annum from date until paid, "it being the intention that this shall be a continuing inexhaustible guaranty and shall cover any sums at any time due up to the amount above stated."

The referee, in his findings and conclusions, states:

"Section 57i of the Bankruptcy Law (Comp. St. § 9641i) provides as follows: 'Whenever a creditor, whose claim against a bankrupt estate is secured by the individual undertaking of any person, fails to prove such claim, such person may do so in the creditor's name, and if he discharge such undertaking in whole or in part he shall be subrogated to that extent to the rights of the creditor.' It would appear from this provision that it is the intention of the

Bankruptcy Act to place the surety or guarantor who pays the principal debt in the shoes of the creditor to whom payment is made."

In the opinion of the court the conclusion of the referee is not supported by the language of the section of the act above quoted. The provision there made is in case a creditor "fails to prove such claim." The referee cites Wright v. Rumph (C. C. A. 5th Circuit) 238 Fed. 138,[1] in which it is held that a surety who pays the debt of his principal in full has a provable claim against his principal in bankruptcy, within the meaning of sections 57 and 63 of the Bankruptcy Act (Comp. St. §§ 9641, 9647). This case does not appear to involve the question at stake in the instant case. In Wright v. Rumph, the original creditor whom the sureties paid in full was eliminated; he having received the full protection of his contract. In the instant case petitioner, who was the original creditor guaranteed, was not paid his full claim, but only a part, and so far as appears from the record, were he permitted to receive the dividends upon the full amount of his original claim, there would still be a balance unpaid. In such circumstances to reduce petitioner's claim to the extent of the guaranty paid and permit the guarantor to prove for the amount so paid would deprive petitioner of a part of his security and impair the obligation of his contract with the guarantor.

To further illustrate: Let us assume that the guarantor had deferred payment, and petitioner, having filed and had his claim allowed for the full amount, had received the entire dividends payable out of bankrupt's estate. Could it then be contended that petitioner could not enforce his contract of guaranty against Christian for any unpaid balance up to the limit of the guaranty? It seems to me that such a contention would be untenable. The referee in his opinion, and counsel for trustee in their brief, cite Cole v. Myers, 100 Neb. 480, 160 N. W. 894, as supporting their contention. This was a case in which a county treasurer deposited money in a bank and exacted a surety bond, but for an amount less than the deposit. The county treasurer had also furnished an official bond to the county. On failure of the bank, surety company No. 1 paid the county $10,000, the amount of its bond, and surety company No. 2 on the treasurer's official bond paid the balance of the deposit in the sum of $3,159.61. The county was therefore made whole and eliminated. In proving the claim against the receiver of the bank, which but for the payment the county could have proven, the court held that the two surety companies might prove pro tanto their payments. It seems to me that this case is in principle analogous to Wright v. Rumph, supra, and likewise distinguishable from the case at bar, in that here the party guaranteed is not yet made whole, and, as before stated, to permit the guarantor to assume "the shoes" of petitioner, while petitioner is still bearing a loss, would be to deprive petitioner of the benefit of his contract.

I think the cases cited by petitioner—In re Manhattan Brush Mfg. Co. (D. C.) 209 Fed. 997; Young v. Gordon, 219 Fed. 168, 135 C. C. A. 66; In re Astoroga Paper Co. (D. C.) 234 Fed. 795; Moore v. Simms, 257 Fed. 540, 168 C. C. A. 524—although differing somewhat in their facts, more nearly involve the principle under consideration.

[1] 151 C. C. A. 214.

In the opinion of the court the referee erred in his conclusion and order, and should have allowed petitioner's claim and paid the full dividend thereon and disallowed the claim of Christian. Of course, in case the dividend received by petitioner, plus the amount already paid by the guarantor should overpay petitioner, it would leave the surplus held by petitioner as trustee for Christian, and he could recover same in a proper proceeding.

The order of the referee under review is therefore reversed, and the referee directed to proceed in conformity with this opinion and order.