CITY OF WOONSOCKET, Respondent, v. ALLEN et al, Appellants.

(208 N. W. 592.)

(File No. 6096.   Opinion filed April 22, 1926.)

1. **Pleading—Motion to Make More Definite or Motion for Separate Statement and Not Demurrer Proper Remedy for Failure of Complaint to Charge a Distinct Liability Under Either of City Treasurer's Separate Bonds.**

    In action against city treasurer and sureties on his separate bonds, remedy for failure of complaint to charge a distinct liability under each bond was not demurrer, but motion to make more definite and certain, or, if there were two distinct causes of action, motion to require causes to be separated.

2. **Appeal and Error—Question as to Nonliability of Treasurer and Sureties on Bonds Because of Statute Cannot Be Considered on Appeal, Where Such Point Was Not Raised by Allegations in Complaint (Laws 1921, c. 335).**

    On appeal from order overruling demurrer to complaint seeking recovery against city treasurer and sureties on his separate bonds, question as to nonliability of defendants because of Laws 1921, c. 335, cannot be considered, where there were no allegations in complaint raising that point.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Pleading, Key-Nos. 193(1), 367(2), 368, 31 Cyc. 648; **(2)** Appeal and error, Key-No. 175, 3 C. J. Sec. 584.

On motion to make more definite and certain, see Bancroft's Code Pleading, Vol. 1, pgs. 344-937.

Appeal from Circuit Court, Sanborn County; HON. FRANK B. SMITH, Judge.

Action by the City of Woonsocket against W. H. Allen and others. From an order overruling a demurrer to the complaint, defendants appeal. Order affirmed.

*Hitchcock & Sickel,* of Mitchell, for Appellants.
*Gardner & Churchill,* of Huron, for Respondent.

GATES, P. J.   This is an appeal by defendants from an order overruling a demurrer to the complaint.

The complaint alleges among other things that defendant Allen was appointed city treasurer of plaintiff in April, 1920, and that he qualified by giving a $20,000 bond with defendants Williams and Smith as sureties; that in June, 1923, he furnished an

additional bond in the sum of $40,000 with the same sureties for the purpose of further securing the funds coming into his hands as such treasurer; that between April, 1920, and April, 1924, he received as such treasurer sums to the amount of $48,429.52 which he has failed to account for and to turn over to his successor, who was appointed in April, 1924. Recovery of that sum is sought from him and his sureties.

[1] It is urged by appellants that the complaint does not state a cause of action for a number of reasons, all relating to the failure to charge a distinct liability under either bond. If the complaint is defective in those respects the remedy was by motion to make more definite and certain, or, if there are two distinct causes of action, then by motion to require each cause of action to be separately stated. Demurrer is not the proper remedy. Sogn v. Koetzle, 160 N. W. 520, 38 S. D. 99; State ex rel. Sommer v. Interstate Surety Co., 189 N. W. 679, 45 S D. 592.

[2] The greater part of appellants' argument is devoted to the question as to the nonliability of appellants because of the provisions of chapter 335, Laws 1921. There are no allegations in the complaint which raise that point; therefore we do not consider it.

The order appealed from is affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.