**IVANHOE BUILDING & LOAN ASS'N OF NEWARK, N. J., v. ORR.**

**No. 5434.**

Circuit Court of Appeals, Third Circuit.

Oct. 3, 1934.

Abraham Alboum, of Newark, N. J. (Aaron Narol, of Newark, N. J., on the brief), for appellant.

Charles E. Hendrickson, of Jersey City, N. J. (Sydney L. Jacobs, of Jersey City, N. J., of counsel), for appellee.

Before DAVIS, Circuit Judge, and CLARK and JOHNSON, District Judges.

DAVIS, Circuit Judge.

This is an appeal from an order of the District Court reducing the claim of the appellant filed in the bankrupt estate of the Eastern Sash & Door Company by the amount of the value of the collateral which it held.

On July 21, 1927, Abraham Portnoff and others executed to the Ivanhoe Building & Loan Association a bond for the sum of $23,000 conditioned for the payment of $11,500, and, to secure the payment thereof, they executed a mortgage on premises known as 386 Leslie street, Newark, N. J. This property was conveyed to the Eastern Sash & Door Company, bankrupt, on October 7, 1927, subject to the mortgage, which the bankrupt in the deed expressly assumed and agreed to pay. On the same day the bankrupt conveyed the property to Clara Yavne.

On April 2, 1932, the appellant, Ivanhoe Building & Loan Association, filed a bill to foreclose the mortgage, and on June 20, 1932, a final decree was entered in the foreclosure proceeding. The court found that there was due the appellant on the mortgage the sum of $10,220.96, together with interest and costs. The property was sold by the sheriff, and was bid in by the appellant-mortgagee for $100.

On April 23, 1932, the Eastern Sash & Door Company on an involuntary petition was adjudicated a bankrupt, and the appellant filed its claim as an unsecured creditor for $10,739.94, which is the difference between the sum found to be due on the mortgage and the $100 which was paid for the property at the sheriff's foreclosure sale. It is admitted by everybody that the market value of the property is $9,000, and the question before us is whether or not the appellant must reduce its claim on which it will receive a dividend by that amount, bringing it down to $1,739.94, or whether it is entitled to file it for the $10,739.94, the amount due on the bond, less the $100 received at the sale.

The referee and District Court disallowed the claim and held that appellant was entitled to file a claim for only the $1,739.94.

The appellant says that it should be allowed to file for the full amount of its claim of $10,739.94 because it is not a "secured creditor" as defined by section 1 (23) of the Bankruptcy Act (11 USCA § 1 (23), for the

reason that it does not have security for its debt upon the property of the bankrupt which conveyed the mortgaged premises to Clara Yavne the same day the property was conveyed to it. This section provides that a "'secured creditor' shall include a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this title, or who owns such a debt for which some indorser, surety, or other persons secondarily liable for the bankrupt has such security upon the bankrupt's assets."

Section 57e, 11 USCA § 93(e) provides that "claims of secured creditors * * * shall be allowed for such sums only as to the courts seem to be owing over and above the value of their securities."

Consequently, appellant says, since the title to the mortgaged premises was not in the "bankrupt" and that no person secondarily liable had security on the bankrupt's assets when the petition in bankruptcy was filed, it is not a "secured creditor"; that there were no mutual debts or credits between it and the bankrupt, and it does not have to set off its security against the debt, but may file proof for his entire claim.

Remington on Bankruptcy (3d Ed.) vol. 2, p. 306, § 917, says: "Where the property held as security is not the property of the bankrupt, the claim should be allowed without deduction for the value of the securities."

Collier on Bankruptcy (13th Ed.) vol. 2, p. 1144, says that, "the question pertains in each case to the security which a creditor has upon the property of the bankrupt. No matter how great may be the security which one may have, if it be property of another than the bankrupt, the creditor may prove his entire claim against the bankrupt estate, and receive a dividend thereon, and thereafter institute proceedings to enforce his claim upon the security for the balance."

The following authorities are to the same effect: In re Noyes Bros. (C. C. A.) 127 F. 286; In re Keep Shirt Co. (D. C.) 200 F. 80; In re Pan-American Match Co. (D. C.) 242 F. 995; Manufacturers Acceptance Corporation v. Hale et al. (C. C. A.) 65 F.(2d) 76. Being an unsecured creditor, appellant says that, upon these and other authorities, it should have been allowed to prove its entire claim as a basis upon which to calculate its dividend in the bankrupt estate.

█ It seems to be well settled that security given to the surety by a person other than the bankrupt is not regarded as part of the bankrupt estate and does not increase or "swell" the assets of the estate or exonerate it. An unsecured creditor, not holding security belonging to the bankrupt, may prove his entire claim against the estate, and, if the dividends received on the claim together with the security pledged by a person other than the bankrupt exceed the amount of the claim, the claimant holds the excess as trustee for that other person. Gorman v. Wright (C. C. A.) 136 F. 164; In the Matter of Hanson & Tyler Auto Co. et al. (D. C.) 286 F. 161; Hampel et al. v. Minkwitz (C. C. A.) 18 F. (2d) 3.

The case of Winter's Appeal, decided by this court, 174 F. 556, cited and relied upon by the appellee, is not contrary to this rule of law, for in that case title to the property was in the bankrupt, and the claimant admitted that the property, purchased by him at the foreclosure sale, which secured the bond on which the claim was based, was worth more than the amount of the mortgage and costs. Consequently the claim was fully paid, and there was no ground for its allowance. In the Matter of Dix (D. C.) 176 F. 582, the claimant, who bid in the property for a nominal sum at a foreclosure sale on mortgages given by the bankrupt, filed his claim against the bankrupt estate for the balance of his debt. The court held that the value of the property purchased should be inquired into and the claim allowed only for the amount equitably due. This case followed the Winter decision; both being based upon the same rule of law and written by Judge McPherson of this court.

█ But in the case at bar the bankrupt expressly in writing assumed and agreed to pay the mortgage. It then had title to the property which was the security on which the bankrupt assumed the obligation. When the bankrupt conveyed the property to Mrs. Yavne, the transfer did not release it from the obligation to pay the mortgage, and it has not been shown that the appellant released the bankrupt. When the mortgage was foreclosed, the obligation of the bankrupt to pay the mortgage still existed, but the appellant-mortgagee purchased the property for a nominal sum. While the obligation of the bankrupt to pay the mortgage still remained, the mortgagee had gotten possession of the security, and, in enforcing this obligation against the bankrupt, the appellant-creditor must reduce its claim by the admitted value of the security less the $100 paid for it. The bankrupt owed the appellant the amount of the mortgage, and the appellant equitably owed the bankrupt the value of the security in his

possession. Under these circumstances, section 68 a of the act (11 USCA § 108 (a) applied, which provides that "in all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

The order is affirmed.