In re BEAVER KNITTING MILLS.

(Circuit Court of Appeals, Second Circuit. April 30, 1907.)

No. 263.

1. CORPORATION—ASSUMPTION OF MORTGAGE ON PROPERTY PURCHASED—CONSTRUCTION OF RESOLUTION.

A resolution passed by the board of directors of a corporation on April 6, 1901, authorizing and directing the president to execute on behalf of the company "an agreement * * * dated April 5, 1901, regarding extension of time of payment of second mortgage of $6,000," *held* to refer to and to authorize the execution of a particular written agreement which was dated April 5th, and to make a provision of such agreement by which it assumed payment of the mortgage binding upon the company, the mortgage having been given by a prior owner upon property which he subsequently conveyed to the company.

2. SAME—POWERS OF DIRECTORS.

No action of the stockholders is necessary to authorize or ratify an agreement by the directors of a corporation to assume a mortgage on property purchased by the corporation as a part payment of the purchase price.

3. BANKRUPTCY—LIENS—PART PAYMENT OF DEBT BY SURETY.

A corporation, on a purchase of property, as part payment of the purchase price assumed payment of a debt secured by mortgage on the property, and which was also secured by a mortgage on other property of the original debtor. The latter mortgage was foreclosed, the property sold, and the proceeds, which was less than the debt, paid to the creditor. The corporation was adjudged a bankrupt, and its property sold clear of liens which were transferred to the proceeds. *Held* that, by its assumption of the mortgage debt, the corporation became the principal debtor and the original debtor its surety, and the creditor was entitled to prove his claim and enforce his lien for the full amount of the debt, without deducting the amount of the proceeds of the other mortgaged property, which on receiving payment in full from the bankrupt's estate he held in trust for the original debtor.

Appeal from the District Court of the United States for the Southern District of New York.

In Bankruptcy. On review of order of referee in re claim of David H. Burrell.

Upon the sale by the trustee herein of certain property of the bankrupt, upon which there were liens by way of mortgage, an order was made that

the sale be made free from liens and that the liens attach to the proceeds. A sale was had and the trustee is in possession of the proceeds subject to the liens. David H. Burrell claims that the proceeds, after the payment of the first mortgage lien, be applied to the lien held by him of a second mortgage against said premises and chattel mortgages against personal property, and that the whole of his claim be paid out of such proceeds. The trustee claims that as there has been a payment made on account of another mortgage made by the same person who made this mortgage, and for the same debt, that such amount, namely, $1,816.98, should be credited upon his claim against the moneys in the hands of the trustee. On May 15, 1901, John Macaulay and wife executed and delivered their note to David H. Burrell, promising to pay within 30 days from its date $6,000, with interest. As security, they gave two mortgages, one dated May 15, 1901, and acknowledged that day upon property in Saratoga county N. Y., and another mortgage dated May 16th, and executed and acknowledged that day on the property in Columbia county, N. Y., which latter property has been sold by the trustee, who now holds the balance of proceeds arising on such sale. On March 1, 1901, subsequent to the making of this loan and these mortgages, Macaulay deeded the property at Hudson, Columbia county, to the Beaver Knitting Mills, in which deed there is no mention of any mortgage, which corporation, through its officers, entered into an agreement, dated April 5, 1901, with Burrell, the mortgagee, as follows: "1. Said Beaver Knitting Mills covenants to pay said mortgage of $6,000, with interest at 6% from May 16, 1900." And Burrell agreed to extend the payment of the mortgage for five years. The referee required the claimant to deduct from the face of his claim the sum of $1,-816.98, the proceeds of the other mortgage received by him.

The following is the opinion of Holt, District Judge in the lower court:

"I am unable to concur with the opinion of the referee in holding that there was no valid agreement by the bankrupt to assume the mortgage. He says the agreement was to extend, not to assume, the mortgage. The resolution adopted at the meeting of the board of directors on April 6, 1901, provided that the president of the company was 'authorized and directed to execute on behalf of this company, in duplicate, an agreement with David H. Burrell, of Little Falls, N. Y., dated April 5, 1901, regarding extension of time of payment of second mortgage of $6,000.' This, it seems to me, was authority to execute the written contract, dated April 5, 1901, whatever it contained. It is not simply authority to execute a contract regarding the extension of the time of payment. That expression is simply briefly descriptive of the contract. Moreover, at the same meeting resolutions were passed directing payment of interest on this mortgage. The extension of the time of payment would have been sufficient consideration for the assumption; and, besides, it was a part of the original arrangement for the organization of the corporation and sale of the property that the mortgages on it should be assumed. It is said that no stockholders' meeting was called to assent to the assumption of the mortgage. All the stock substantially was held by the Macaulay family, and a meeting of the directors was substantially a meeting of the stockholders, but I do not think that the assent of stockholders is necessary to the assumption of a mortgage upon the purchase of property. The assumption of a mortgage is a method of part payment for property. I think that the action of the directors upon that question is sufficient. Moreover, I cannot see why the whole transaction was not subsequently ratified by the resolution of ratification entered in the minutes in July. I think, therefore, that the bankrupt assumed the note and mortgage. That being so, it became primarily liable for the payment of the debt. The bankrupt, therefore, was the principal debtor to Burrell. Burrell held, as collateral to the note, a mortgage on the bankrupt's mill, and another mortgage on the Saratoga property. The Saratoga mortgage was foreclosed, and the proceeds, about $1,800, paid to Burrell. Thereafter the bankrupt's property was sold under a stipulation that it be sold free of Burrell's mortgage, his rights to attach to the proceeds.

Under these circumstances Burrell filed a proof against the bankrupt's estate for $6,000, his entire debt, and the referee has compelled him to credit on it the $1,800 received by Burrell on the foreclosure of the Saratoga mortgage. The referee in his opinion refers to the case of Breed v. Bank, 57 App. Div. 475, 68 N. Y. Supp. 68, and other cases holding that when one creditor has a lien on two funds, and another creditor on one of these funds only, equity will compel the creditor having the lien on the two funds to enforce his lien, so far as it goes, against the fund which the other creditor has no lien on. I cannot see that that principle applies to this case. If some other creditor of the bankrupt had had a lien on either the Saratoga property or the mill, he could have insisted that Burrell should enforce his lien first against the property on which the other creditor had no lien; but that is not this case. The question here is whether Burrell, having enforced his collateral, is to be precluded from proving his claim in full against the principal debtor. The bankrupt owes this debt. If it paid it in full, Burrell would then receive the $6,000 due on the note and the $1,800 derived from the Saratoga foreclosure, and he would hold the surplus over the amount of his debt as trustee for Macaulay. But there is nothing unjust in this. Macaulay is not in bankruptcy. The Beaver Knitting Mills, having assumed the debt, was primarily bound to pay it, and Macaulay, as bondsman in the Saratoga mortgage, was a surety merely. If the bankrupt paid the debt, Macaulay would be entitled to be reimbursed. If Burrell had not filed any proof, Macaulay could have done so in his name. Bankr. Act July 1, 1898, c. 541, § 57i, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]. He could not prove in his own name, although, as surety, he had paid part of the debt. He would have proved for the whole claim of Burrell, and, if it had been paid in full, Burrell would have held the surplus as trustee for Macaulay. See, generally, Re Heyman, 95 Fed. 800, 2 Am. Bankr. Rep. 651; Madison Square Bank v. Pierce, 137 N. Y. 444, 33 N. E. 557, 20 L. R. A. 335, 33 Am. St. Rep. 751; People v. Remington, 121 N. Y. 329, 24 N. E. 793, 8 L. R. A. 458.

"My conclusion is that the referee's order should be reversed and Burrell's proof allowed to stand as originally filed."

Schuyler C. Carlton, for appellant.
A. M. Mills, for respondent.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM.   Order affirmed on opinion of Holt, District Judge.