**HAMPEL et al. v. MINKWITZ, County Treasurer, etc.**

(Circuit Court of Appeals, Fifth Circuit. March 25, 1927. Rehearing Denied April 15, 1927.)

No. 4737.

1. **Bankruptcy ⬅309—Allowing claim of bankrupt partnership's creditor against partners as individual debts held error (Bankruptcy Act, § 5, subds. (f), (g), being Comp. St. § 9589).**

Bankruptcy Act, § 5, subds. (f), (g), being Comp. St. § 9589, providing for separate administration of partnership estates and those of individual partners, being declaratory of equitable rule that a creditor who may resort to two funds must first resort to fund not available to other creditors, it was error to allow claim of one partnership creditor against individual partners in preference to other partnership creditors.

2. **Bankruptcy ⬅323—Though sureties paid part of bankrupt's debt after assignment, it was not error to allow claim for full amount against bankrupt estate (Bankruptcy Act, § 1, subd. 23, and § 57, subd. (c), being Comp. St. §§ 9585, 9641).**

Where sureties on bond of bankrupt partnership had paid part of obligation after assignment for benefit of creditors, it was not error to allow claim for full amount against bankrupt estate, since existence of sureties did not make it secured debt under Bankruptcy Act § 1, subd. 23, and section 57, subd. (c), being Comp. St. §§ 9585, 9641, claim for which is reduced when sureties make part payment, but claimant may receive dividends until from all sources he has been paid in full.

Petition to Superintend and Revise from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

In the matter of the bankruptcy of J. H. P. Davis & Co. The claim of Ft. Bend County was allowed and the claimant permitted by the District Court to participate on equal terms with certain other creditors, and J. W. Hampel and others, trustees in bankruptcy, and others, petition to superintend and revise, opposed by C. Minkwitz, as Treasurer of Ft. Bend County. Petition granted, and cause remanded.

Lewis R. Bryan and E. B. Colgin, both of Houston, Tex. (Bryan, Colgin, Suhr & Bering, of Houston, Tex., on the brief), for petitioners.

W. N. Foster, of Conroe, Tex., and Fred R. Switzer, of Houston, Tex., for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. J. H. P. Davis & Co., a partnership engaged in the banking business, to secure performance of its obligations as depository of funds belonging to Ft. Bend county, Tex., gave a bond, which was signed by one of the firm, in the partnership name, as principal, and by ten individuals as sureties; four of those individuals being the partners composing the firm. The partnership and the three surviving members of it were adjudged bankrupt. After signers of the bond, who were not members of the bankrupt firm, had paid $108,000 on the amount, $334,136.24, for which the firm was liable under the bond, the claim of the county for the full amount of $334,136.24 was al-

lowed against the partnership estate, and against the estates of the three partners, as individual debts of such partners. Part of the $108,000 was paid prior to bankruptcy, but after the partnership had made a general assignment of its assets for the benefit of its creditors, and the remainder of that amount was paid after bankruptcy. Results of the court's action were that the amount of the county's allowed claim against the partnership assets was the same as it would have been if the payment of $108,000 had not been made, and the county was allowed to participate in the individual assets of the three partners on equal terms with individual creditors and in preference to other partnership creditors.

[1] Partnership debts are debts of the members of the firm, and the individual liability of the members is not collateral, like that of a surety, but is primary and direct, whatever priorities there may be in the marshaling of assets. Francis v. McNeal, 228 U. S. 695, 33 S. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706. The provision of Bankruptcy Act, §§ 5f, 5g (Comp. St. § 9589), for the separate administration of the estates of a partnership and of the individual partners is declaratory of the equitable rule as to marshaling partnership and individual assets. Schall v. Camors (C. C. A.) 250 F. 6; 251 U. S. 239, 40 S. Ct. 135, 64 L. Ed. 247; Farmers' & Mechanics' National Bank v. Ridge Ave. Bank, 240 U. S. 498, 36 S. Ct. 461, 60 L. Ed. 767, L. R. A. 1917A, 135; Collier on Bankruptcy (13th Ed.), 262. The principle applicable to marshaling assets is that he who has a right to resort to two funds, to one of which alone another party may resort, must first exhaust the one to which the other party may not resort before coming upon the one to which both may resort. Savings Bank v. Creswell, 100 U. S. 630, 25 L. Ed. 713. One who is a creditor of a partner, but not of the firm, can resort only to the individual estate of his debtor, which includes that debtor's interest in any surplus of partnership assets remaining after the payment of partnership debts.

A result of the application of the principle of marshaling assets is that creditors who can resort only to the individual estates of partners must first be paid therefrom, only the surplus remaining after they have been paid in full being applicable to the payment of debts owing to partnership creditors. The above cited provisions of the Bankruptcy Act plainly indicate that the words "individual debts" were meant to describe debts of one or more of the partners for which the partnership is not liable. It is not material to inquire whether, by signing the bond as sureties, the partners added anything to their primary and direct obligation resulting from the partnership of which they were members being the principal obligor on the bond, as, whether they may or may not in some respects be treated as sureties for their own debt, the individual property of each partner is primarily a fund for the payment of his debts for which the partnership is not liable, only the surplus of that property remaining after paying debts owed by the owner and not by his firm being applicable to the payment of debts for which the firm is liable. It follows that the court erred in allowing the debt to the county against the estates of the three partners, as individual debts of the partners.

[2] The fact that sureties other than the partners were liable for the debt of the partnership to the county did not make the county a secured creditor, with the result of making allowable against the partnership assets only so much of that debt as remained after deducting the amount paid by such sureties. Bankruptcy Act, § 1, subd. 23, and section 57c (Comp. St. §§ 9585, 9641). The above-mentioned $108,000 having been paid after the partnership made a general assignment of its assets for the benefit of its creditors, the full amount of the debt of the partnership to the county, with interest, was allowable against the partnership estate—to which is added any surplus remaining of the property of any partner after paying his individual debts—without deducting the sum of $108,000; the appellee being entitled to dividends upon the full amount of the claim allowed in his favor until from all sources he has received full payment of that claim, but no longer. Merrill v. National Bank of Jacksonville, 173 U. S. 131, 19 S. Ct. 360, 43 L. Ed. 640; Board of Com'rs of Shawnee County v. Hurley (C. C. A.) 169 F. 92.

The petition is granted, and the cause is remanded for further proceedings not inconsistent with this opinion.

Petition granted.