MITCHELL ET AL. *v.* HAMPEL ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 269.    Argued March 2, 1928.—Decided March 19, 1928.

When a creditor holds an obligation of a bankrupt firm upon which members of the partnership have, as joint principals or sureties, made themselves individually liable, he is entitled, under the Bankruptcy Law, to prove his claim both against the partnership estate and the individual estates.  P. 302.

18 F. (2d) 3, reversed.

CERTIORARI, 275 U. S. 512, to a decree of the Circuit Court of Appeals reversing a decree of the District Court which had permitted Mitchell, as County Treasurer, to prove a claim of the County against a bankrupt firm of bankers, with which its funds were deposited, and also against members of the firm individually.  Hampel *et al.* were trustees in bankruptcy.

*Mr. Thomas W. Gregory,* with whom *Messrs. W. N. Foster* and *Fred R. Switzer* were on the brief, for petitioners.

Cited: *Chapman* v. *Bowen,* 207 U. S. 88; *Myers* v. *International Trust Co.,* 273 U. S. 382; *In re McCoy,* 150 Fed. 106; *Bank of Reidsville* v. *Burton,* 259 Fed. 218; *Buckingham* v. *Bank,* 131 Fed. 192; *Reynolds* v. *New York Trust Co.,* 188 Fed. 613; *In re Kardos,* 17 F. (2d) 707; *In re Farnum,* Fed. Cas. No. 4674; *Emery* v. *Canal Nat'l Bank,* Fed. Cas. No. 4446; *Fourth Nat'l Bank* v. *Mead,* 216 Mass. 521.

*Mr. E. B. Colgin,* with whom *Mr. Lewis R. Bryan* was on the brief, for respondents.

The so-called American rule allowing double proof is an artificial offshoot born of a technical analysis of the old equity rule of marshalling of assets. Its effect is unjust enrichment at the expense of the partnership creditor. It is too technical, artificial and unjust to find favor in a court of equity. *Swartz* v. *Siegel,* 117 Fed. 13; *In re Faulkshire,* 153 Fed. 503; *Adams* v. *Hoyt Co.,* 164 Fed. 489.

The Circuit Court of Appeals properly determined the rights of the parties to a non-negotiable contract, an indemnity bond wholly the creature of the statutory law of the State of Texas, in accordance with the law of the State of Texas. *Myers* v. *International Trust Co.,* 273 U. S. 382; *Fourth Nat'l Bank* v. *Mead,* 216 Mass. See also *Bayne* v. *Cusimano,* 50 La. Ann. 361; *Nashville Saddlery Co.* v. *Green,* 127 Miss. 98; 30 Cyc. 455.

Under the law of the State, the members of the co-partnership were jointly and severally liable to the creditors of the firm, and they could not make themselves individually liable in contradistinction from their individual liability as such members of the firm by attempting to become sureties on their co-partnership bond, the debt created by the bond being exclusively for the benefit of the partnership. Vernon's Sayles' Civil Statutes, 1914, Art. 6147; Rev. Stats. of Texas, 1925, Art. 6111; *Fowler Commission Co.* v. *Land & Co.,* 248 S. W. 314; *Bank* v. *Cup & Co.,* 59 Tex. 268; *Laning* v. *Bank,* 36 S. W. 481.

In refusing to allow the double proof, the court below prevented an inequitable preference and secured to all creditors an "equitable distribution of the property of the several estates" as intended by the Bankruptcy Act, § 5 (g). *Fort Pitt Coal & Coke Co.* v. *Diser,* 239 Fed. 443; *Schall* v. *Camors,* 251 U. S. 239.

Under the present Bankruptcy Act, double proof is allowable only where a creditor holds two distinct obligations, (a) the obligation of the firm as such, and (b) the obligation of the individual not linked with the partnership transactions, and therefore independent in character. *LaMoylle County Nat'l Bank* v. *Stevens*, 107 Fed. 245; *In re Mosier*, 112 Fed. 138; *In re Kendrick & Co.*, 226 Fed. 978; *Texas L. & C. Co.* v. *Carroll & Iler*, 63 Tex. 51; *Sanger* v. *Warren*, 91 Tex. 482; *Metcalf* v. *Williams*, 104 U. S. 98; *Lerned* v. *Johns*, 9 Allen 419; *Brown* v. *Parker*, 7 Allen 339; *Huntington* v. *Knox*, 7 Cush. 373; *Slawson* v. *Loring*, 5 Allen 342; *Railroad Co.* v. *Benedict*, 5 Gray 561; *Green* v. *Skeel*, 2 Hun. 487; *Burns* v. *Parish*, 3 B. Mon. 8; *McKee* v. *Hamilton*, 33 Ohio St. 7; *Weaver* v. *Tapscott*, 9 Leigh, 424.

That double proof is dependent on the laws of the State where the contract is made and to be performed, see: *Myers* v. *International Trust Co.*, 273 U. S. 382; *Chapman* v. *Bowen*, 207 U. S. 88; *Robinson* v. *Seaboard, etc.*, 247 Fed. 667; *In re Jarmoulouski*, 287 Fed. 703; *In re McCoy*, 150 Fed. 106; *Hiscock* v. *Varick Bank*, 206 U. S. 28; *Fourth Nat'l Bank* v. *Mead*, 216 Mass. 52.

The Bankruptcy Act does not suspend the laws of any State, but merely substitutes its own form of procedure and administration. *Reynolds* v. *New York Trust Co.*, 106 Fed. 613; *Hiscock* v. *Varick Bank*, 206 U. S. 28.

MR. JUSTICE HOLMES delivered the opinion of the Court.

J. H. P. Davis & Co. of Fort Bend County, Texas, partners, were adjudicated bankrupts both as a firm and individually. They were bankers and depositories of County funds. As such they had given two joint and several bonds both signed by the firm in its firm name as principal and by some of the members of the firm

individually, with others, as sureties. The County sought to prove its claim, not only against the firm but also against the separate estates of the surviving members, all of whom had bound themselves severally as well as jointly. The double proof was allowed by the District Court but was disallowed by the Circuit Court of Appeals on the ground that the Bankruptcy Act, § 5f, by appropriating the individual estate of a partner to his individual debts, excluded by implication debts that were also debts of the partnership from sharing with the former on equal terms. Act of July 1, 1898, c. 541, 30 Stat. 548. C. Tit. II, c. 3, § 23. 18 F. (2d) 3.

We are of opinion that the District Court was right. Except so far as the statute may prevent it, a solvent man dealing with another for money to be advanced to or deposited with his firm may determine the security to be given as he and the other may agree. He may mortgage his private estate, and we perceive no reason why he may not create a claim against it in bankruptcy by a separate contract of his own. The firm creditors know that they will be postponed to individual creditors, and that they have no voice or knowledge as to who the individual creditors shall be, or what the amount of their claims. The only real equity is not to disturb the equilibrium established by the parties. Those who take less security have no claim to be put on a footing with those who require more. It is not necessary to go into nice speculations as to what a partner can add to the liability already incurred when he offers a separate contract in addition to that which is made by his firm. We may assume that by the firm contract he is bound to the uttermost farthing—but he is bound only as a member of the firm, and therefore subject to the bankruptcy rule. His creditor may require more, and we can see nothing to hinder his putting himself in the position of a separate

debtor also. Certainly we find no prohibition in the bankruptcy law. *Myers* v. *International Trust Co.,* 273 U. S. 380. By making a separate contract, although in the same instrument, he calls the separate liability into being, as presumably he intends to and as he has a right to do. *Robinson* v. *Seaboard National Bank of New York,* 247 Fed. 667, 668, 669, *Ibid,* 1007. The intent and transaction are not illegal in Texas. Their specific effect depends on the Bankruptcy Act.

We have dealt with the only question which induced the granting of the writ. It does not appear to us necessary to go into further details.

*Decree reversed.*