### In re J. H. P. DAVIS & CO.

District Court, S. D. Texas, at Galveston.
February 25, 1929.

No. 1527.

Pearson & Pearson, for trustees.

Bryan, Colgin, Suhr & Bering, of Houston, Tex., for general creditors.

Fred R. Switzer, of Houston, Tex., and W. N. Foster, of Conroe, Tex., for Fort Bend Co. and Wessendorf.

HUTCHESON, District Judge. This is a petition to review an order of the referee refusing to allow contribution in favor of the individual members of the firm of J. H. P. Davis & Co. as between themselves and the nonmember sureties on bonds executed by J. H. P. Davis & Co., Bankers, as sureties, to the county treasurer and to the county judge of Fort Bend county, Tex.

It comes as a sequel to Mitchell v. Hampel, which, beginning with the finding of the referee allowing double proof, passing through the District Court, where that order was affirmed, and the Circuit Court of Appeals [18 F.(2d) 3], where that order was reversed, came to rest in the Supreme Court, where, the Supreme Court saying, "We are of opinion that the District Court was right," the judgment of the Circuit Court of Appeals was reversed, and the opinion of the District Court was affirmed. Mitchell v.

Hampel, 276 U. S. 302, 48 S. Ct. 309, 72 L. Ed. 582.

In the opinion filed in the District Court it is stated:

"This is a case in which both a partnership and the individual partners have undertaken to bind and have bound themselves. * * * Neither am I impressed with the argument that if they did sign as sureties, they are only liable directly for their proportion. The substance and not the form is the desideratum in transactions of this kind, and the substance here is that this partnership as a partnership signed the obligation, the partnership as individuals signing the obligation, and as between a creditor and them the partnership and each individual are jointly and severally liable for the whole amount."

It is now contended by those who oppose double proof that it was allowed upon the theory that the individual partners, signers of the bonds, were sureties and not principals, and that therefore the partner sureties and their individual estates are entitled to contribution against the nonmember cosureties.

In an argument filed with the court, the position of the individual partners seeking contribution is thus stated:

"If as between the individual partners acting in their individual capacities in signing the bonds as sureties, and the non-member sureties signing as sureties, these individual partners are to be regarded as principals, when they signed as sureties, and are not to be regarded as co-sureties, we might as well do as Hannibal did when he went back to Carthage, and frankly admit that the war is lost; for under such statement the cause we represent would fall most grievously in defeat. If they bound themselves as principals, if they are principals, and became such in signing in their individual capacities, most obviously and without even technical escape, the principle of subrogation and not that of contribution, would apply to its fullest extent. For it is only where one pays an obligation which is owing by himself and another or more, that the doctrine of contribution is applicable.

"If we assume that the individual members are only principals and not sureties, and that the non-members of the partnership are sureties, the conclusion is inevitable that Fort Bend County, having had its cause of action allowed against both the partnership and the individuals acting in their individual capacities as principals, the non-member sureties, who paid Fort Bend County such claims would be entitled to be subrogated for the full amount of their payment."

While I appreciate the boldness of the position of counsel, it seems clear to me that out of their own mouths they must be judged, and that the nonmember sureties, having paid the county, are entitled to subrogation to all of its rights.

In addition, it seems clear to me that, independent of subrogation, the partners who signed the bonds are individually liable to, that is, are debtors to, the nonmember sureties for the sums they have paid, and that, since contribution never arises in favor of a debtor against his creditor, no contribution exists in this case, whether the individual partners be called sureties or principals.

Whatever the names employed, the substance of the case is this: That a partnership bank, composed of many individuals, executed a bond to public officials signed by the partnership. That, in addition, the individual partners obligated themselves personally to pay the bonds and secured cosureties, nonmembers having no primary obligation for the debt, and that, to these nonmember sureties, the individual partners owed an obligation of indemnity.

Under such circumstances, the question whether the partners who signed the obligation are to be called sureties or principals is mere logomachy, and we have another instance of the danger of "as long as the matter to be considered is debated in artificial terms, * * * being led by a technical definition to apply a certain name, and then to deduce consequences which have no relation to the grounds on which the name was applied." Guy v. Donald, 203 U. S. 406, 27 S. Ct. 64, 51 L. Ed. 245.

The order of the referee is affirmed.