HAMPEL et al. v. MITCHELL, County Treasurer, et al.

Circuit Court of Appeals, Fifth Circuit. December 6, 1929.

No. 5592.

L. R. Bryan and E. B. Colgin, both of Houston, Tex., and D. R. Peareson, of Richmond, Tex. (Bryan, Colgin, Suhr & Bering, of Houston, Tex., on the brief), for appellants.

Fred R. Switzer, of Houston, Tex., and W. N. Foster, of Conroe, Tex. (Vinson, Elkins, Sweeton & Weems and Campbell, Myer & Foster, all of Houston, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. J. H. P. Davis & Co., a partnership engaged in the banking business, gave two bonds to secure the deposits of Ft. Bend county, Tex., in their bank. Both were joint and several bonds, signed by the partnership as principal, and by the partners and others who were not members of the partnership as sureties. After the partnership and the individual members thereof were adjudged bankrupts, the county was allowed by order of the District Court to prove its claim under the bonds as a debt, not only of the partnership estate, but also of the estates of the partners as individuals. Upon appeal to this court, double proof was disallowed, Hampel v. Minkwitz, 18 F.(2d) 3; but was allowed finally by the Supreme Court, Mitchell v. Hampel, 276 U. S. 299, 48 S. Ct. 308, 72 L. Ed. 582. Since the former appeal, the trustees in bankruptcy and certain creditors of the individual estates of the partners who signed the bonds have filed a petition in the District Court to enforce contribution, in the adjustment of liability, in favor of such individual estates as against the signers of the bonds who were not members of the partnership; and, from an order denying that petition, have taken this appeal.

Appellants concede, as indeed they must under the decision of the Supreme Court on the former appeal, that the estates of the bankrupt partners are bound equally with the partnership estate on the bonds given to secure the county funds. But they argue that this decision is not in point here, because they say that the partners were primarily bound as signers of such bonds "only individually as partners, and not individually as individuals," and that in the latter capacity their liability as sureties is the same as the liability of the sureties who were not members of the partnership. In this way they reach the conclusion that all the sureties were equally bound, and therefore entitled to contribution as against each other. In reply to that argument it is enough to say that the Supreme Court held that the partners were individually bound to the full extent that the partnership itself was bound. The debt to the county was therefore their debt.

Clearly, the liability of the signers of the bonds who were not members of the partnership was that of sureties. There is no right of contribution in favor of one who owes the whole of a debt as principal against his surety.

The order appealed from is affirmed.