56 F.2d 1023 (1932)
In re HURLEY MERCANTILE CO. et al.
COPPARD
v.
ATASCOSA COUNTY STATE BANK OF JOURDANTON, TEX.
No. 6254.
Circuit Court of Appeals, Fifth Circuit.
March 11, 1932.
*1024 Henry A. Hirshberg, Howell J. Mueller, and Edward A. Sibley, all of San Antonio, Tex., for appellant.
Frank H. Booth, of San Antonio, Tex., for appellee.
Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.
SIBLEY, Circuit Judge.
Hurley Mercantile Company, a partnership, became a voluntary bankrupt December 25, 1925, and thereafter the four partners, C. C. Hurley, W. M. Hurley, M. C. Hurley, and Felix M. Hurley, were adjudicated voluntary bankrupts in the same court, but each on a separate petition. M. Coppard was made trustee in each case. On April 27, 1931, he petitioned the court for an order of final distribution covering all the cases, having on hand in the partnership estate $3,311.84, with proven unsecured debts of $22,415.43 which included a note of $2,533.33 proven by Atascosa State Bank; in the estate of M. C. Hurley $2,939.09, with a proven claim of $2,533.33 in favor of said bank; and in the estate of C. C. Hurley $1,832.41, with proven claims of $12,729.68, including one of $2,533.33 proven by said bank. The bank in fact had but one note signed in the firm name only, but had proven it against each of the estates. The referee held that this debt was not entitled to a dividend from the C. C. Hurley estate along with his individual creditors, and was not entitled to anything as an individual debt of M. C. Hurley, but that the surplus in that estate should be transferred and added to the partnership estate for division among the partnership creditors including the bank. The District Judge reversed this ruling, holding the bank entitled to claim in all three estates and in consequence to have payment in full from the estate of M. C. Hurley. The trustee appealed under Bankr. Act, § 24 b, as amended by Act May 27, 1926, § 9 (11 US CA § 47 (b).
The bank has moved to dismiss the appeal because not taken in time. The order of the District Judge begins with a recital that the matter came on for hearing on October 24, 1931, but is not otherwise dated. It is indorsed by the clerk as filed November 6, 1931. It does not appear whether the judge took the matter under advisement until the latter date, or why the judgment was not sooner filed. The petition to this court for superintendence and revision was filed November 24, 1931. It refers to the judgment as rendered October 24th and filed for entry November 6th. Bankr. Act, § 24 c, as amended by Act May 27, 1926, § 9 (11 USCA § 47 (c), requires that such appeals be taken "within thirty days from the time the judgment is rendered or entered." There being thirty-one days in October, November 24th is not within thirty days from October 24th, but is within thirty days from the filing date, November 6th. Strictly speaking, a judgment is rendered when finally published by the judge orally or in writing according to the practice of the court, and is entered when spread by the clerk upon the record or noted and filed among the papers of the court, according to its practice. 34 C. J. "Judgments," § 175; 15 R. C. L. "Judgments," § 11. Usually a judgment is considered as final and perfect so as to be appealable only when entered by *1025 the clerk. 34 C. J. "Judgments," § 182; 3 C. J. "Appeal and Error," § 1054. No transcript could be obtained of an unfiled written judgment. The statutory language fixing the time is of course important, but in the scheme of federal appeals we believe the statutes have used the terms "rendition" and "entry" interchangeably rather than with technical accuracy. Rev. St. § 1008 (28 USCA § 350 note), fixed the time for writ of error or appeal as "within two years after the entry of such judgment." But Rev. St. § 1007 (28 USCA § 874), dealing with supersedeas, required action "within sixty days * * * after the rendering of the judgment complained of." Rev. St. § 1009, required appeal in prize cases to be taken "within thirty days after the rendering of the decree appealed from." The writ of error in behalf of the United States to review the overruling of a demurrer to an indictment was to be taken "within thirty days after the * * * judgment has been rendered." 18 USCA § 682. Appeals to the Circuit Court of Appeals must be applied for "within three months after the entry of such judgment." 28 USCA § 230. Like language governs appeals from orders touching injunctions and receivers under 28 USCA § 227. Under the Bankruptcy Act (section 25 (a), by the amendment of May 27, 1926 (section 10), appeals under 11 USCA § 48 (a), must be taken "within thirty days after the judgment appealed from has been rendered"; but an appeal under section 47 (c) as above stated "within thirty days after the judgment * * * has been rendered or entered." We think Congress did not intend to establish a varying standard for beginning to count the time for appeal, but intended that the time should run only from the perfecting of the judgment or order as final by its filing with the clerk. Such was the ruling made touching appeals to the Supreme Court in Seymour v. Freer, 5 Wall. 822, 18 L. Ed. 564; Rubber Co. v. Goodyear, 6 Wall. 153, 18 L. Ed. 762; Polleys v. Black River Co., 113 U. S. 81, 5 S. Ct. 369, 28 L. Ed. 938. In a statute relating to judgments reviewable in the Supreme Court, the term "rendered" was held to refer to such judgments as had attained appealable perfection. Yznaga del Valle v. Harrison, 93 U. S. 233, 23 L. Ed. 892. General Order in Bankruptcy XXXVI (11 US CA § 53) fixed the time for appeals in bankruptcy as "within thirty days after the judgment or decree," and this was said to mean thirty days after its entry. Conboy v. First National Bank, 203 U. S. 141, 27 S. Ct. 50, 51 L. Ed. 128. Statutes regulating appeals are remedial and should have a liberal construction in furtherance of the right of appeal. 2 R. C. L. "Appeal and Error," § 6. We hold this appeal taken within thirty days from the filing with the clerk of the judgment appealed from to be in time.
The referee's ruling was right. It is true that each partner is individually liable for every partnership debt, but for purposes of bankruptcy the partnership with its property and debts is considered a separate entity from the partners with their several estates and creditors. The Bankruptcy Act requires them to be kept separate for administration, and that partnership assets be first applied to partnership debts, and individual assets to individual debts. Bankr. Act § 5 (11 USCA § 23). A partnership may be adjudicated a bankrupt without involving the adjudication of the partners. Liberty National Bank v. Bear, 276 U. S. 215, 48 S. Ct. 252, 72 L. Ed. 536. And a solvent partner not in bankruptcy may be required to hand over his net estate to the trustee of the partnership. Francis v. McNeal, Trustee, 228 U. S. 695, 33 S. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706. Whether a debt be a partnership or individual debt depends on who got the benefit of it if there is not an express contract. Schall v. Camors, 251 U. S. 239, 40 S. Ct. 135, 64 L. Ed. 247. If there is an express contract, those persons are liable who contract to be. Mitchell v. Hampel, 276 U. S. 299, 48 S. Ct. 308, 72 L. Ed. 582. The note here in question is the express contract of the firm alone, and is a partnership debt. It was properly proved as such. Although for some administrative purposes it may have been provable in the individual bankruptcies (see Wilkins v. Davis, Fed. Cas. No. 17,664; note to Loomis v. Wallblom, 69 L. R. A. 771), it is not, at least where the partnership is also in bankruptcy, entitled to dividends as an individual debt. This was held by this court in Schall v. Camors, 250 F. 6, 10 A. L. R. 846, affirmed, 251 U. S. 239, 40 S. Ct. 135, 64 L. Ed. 247. Any other holding would disregard the requirement of Bankr. Act § 5f, 11 USCA § 23 (f), that the net proceeds of the partnership property shall be appropriated to the payment of the partnership debts and the net proceeds of the individual estate of each partner to the payment of his individual debts. It would defeat the operation of the further requirement that any surplus remaining of the property of any partner after paying his individual debts shall be added to the partnership assets and be applied to the payment of the partnership debts. The referee's order literally followed the directions of the statute. *1026 The bank, by proving its partnership debt in the individual cases, obtained no conclusive adjudication that it was an individual creditor, for all allowed claims are subject to re-examination at any time before the estate has been closed. Bankr. Act §§ 2 (2), 57k, 11 USCA §§ 11 (2), 93 (k). The partnership nature of the bank's debt appears on its face together with the unlawfulness of paying it as an individual debt so long as there are other partnership debts unpaid. The statute is imperative that the surplus of individual assets above true individual debts shall be added to the partnership estate and be distributed to the partnership creditors through that estate until they are satisfied. We revise the judgment of the District Court accordingly, and direct that the order of the referee be sustained and carried into effect.
Judgment reversed.