73 F.2d 296 (1934)
In re UNITED CIGAR STORES CO. OF AMERICA.
BANKERS' TRUST CO.
v.
IRVING TRUST CO.
No. 37.
Circuit Court of Appeals, Second Circuit.
November 5, 1934.
Stroock & Stroock, of New York City (Sol M. Stroock and Robert D. Steefel, both of New York City, of counsel), for petitioner Bankers' Trust Co. as trustee.
Cravath, de Gersdorff, Swaine & Wood, of New York City (Wm. D. Whitney, Donald C. Swatland, and R. L. Gilpatric, all of New York City, of counsel), for appellee.
*297 Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.
MANTON, Circuit Judge.
The order entered below disallowed and expunged appellant's claim in bankruptcy because the appellant was held to be a secured creditor of the bankrupt under section 1, subd. 23 of the Bankruptcy Act (11 USCA § 1 (23). In August, 1929, the Retail Chemists' Corporation, then known as Whelan's Drug Company, Inc., borrowed $100,000 from appellant and gave as security a first mortgage on certain real estate owned by it. The United Cigar Stores Company of America, the bankrupt herein, gave to the appellant its collateral bond as security for payment of the borrowed money. After bankruptcy, and before attempting to realize on the real estate mortgage, the appellant, as an unsecured creditor, filed its claim against the bankrupt for $100,000. The mortgage given by the Retail Chemists' Corporation was not in default, but the entire loan remains unpaid. At that time, the mortgaged real estate belonged to the Retail Chemists' Corporation and not to the bankrupt. The bankrupt was, however, the sole stockholder of the Retail Chemists' Corporation.
Section 1, subd. 23, of the Bankruptcy Act (11 USCA § 1 (23), provides:
"`Secured creditor' shall include a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this title, or who owns such a debt for which some indorser, surety, or other persons secondarily liable for the bankrupt has such security upon the bankrupt's assets."
When a creditor holds security belonging to a principal obligor and also the guaranty or secondary liability of a bankrupt as surety, the creditor is not a secured creditor of such bankrupt, and may prove his claim for the full amount owing such creditor. Mitchell v. Hampel, 276 U. S. 299, 48 S. Ct. 308, 72 L. Ed. 582; Hiscock v. Varick Bank, 206 U. S. 28, 27 S. Ct. 681, 51 L. Ed. 945; Gorman v. Wright (C. C. A.) 136 F. 164; In re N. Y. Commercial Co., 233 F. 906 (C. C. A. 2).
It is argued by the trustee that the real estate upon which the mortgage was placed is worth in excess of $100,000, and that appellant may satisfy its claim from it. But the value of the mortgaged realty is immaterial, for the appellant was entitled to prove against the bankrupt the full amount of its claim. In re Headley (D. C.) 97 F. 765; In re N. Y. Commercial Co., supra; In re Pan American Match Co. (D. C.) 242 F. 995. Although the claim against the bankrupt is secondary, it should be allowed in full, and dividends should be paid, regardless of the security furnished by the principal obligor, until full satisfaction is had by the appellant. Hiscock v. Varick Bank, supra; Gorman v. Wright, supra; In re Keenan (C. C. A.) 15 F.(2d) 1006; In re Adair Realty & Trust Co. (D. C.) 35 F.(2d) 531.
In Merrill v. National Bank, 173 U. S. 131, at page 146, 19 S. Ct. 360, 366, 43 L. Ed. 640, the court considered the effect of the bankruptcy law with regard to secured creditors where the property belonged to the bankrupt and said:
"Yet it is obvious that the bankruptcy rule converts what on its face gives the secured creditor an equal right with other creditors into a preference against him, and hence takes away a right which he already had. This is a court of equity should never do, unless required by statute, at the time the indebtedness was created. The requirement of equality of distribution among creditors by the national banking act involves no invasion of prior contract rights of any of such creditors, and ought not to be construed as having, or being intended to have, such a result."
In Mitchell v. Hampel, supra, the creditor held a note signed by a partnership and indorsed individually by the partners. The court held that a creditor could prove for the full amount against all the bankrupt estates including the individual partners, and said at page 302 of 276 U. S., 48 S. Ct. 308, 309, 72 L.Ed. 582:
"We may assume that by the firm contract he is bound to the uttermost farthing but he is bound only as a member of the firm and therefore subject to the bankruptcy rule. His creditor may require more and we can see nothing to hinder his putting himself in the position of a separate debtor also. Certainly we find no prohibition in the bankruptcy law. Myers v. International Trust Co., 273 U. S. 380, 47 S. Ct. 372, 71 L. Ed. 692. By making a separate contract although in the same instrument he calls the separate liability into being, as presumably he intends to and as he has a right to do."
We have held that in bankruptcy the court will not pierce the corporate fiction unless two corporations have been conducting their business as one, and that the mere identity of stock ownership is no excuse for piercing the corporate fiction. In re Watertown Paper *298 Co. (C. C. A.) 169 F. 252; In re Keenan, supra.
The fact that the bankrupt owned the stock of the Retail Chemists' Corporation does not change the character of the appellant as an unsecured creditor in so far as this bankrupt is concerned. In Re Keenan, supra, the president of the corporation gave his collateral bond guaranteeing the bond and mortgage of the corporation. The guarantor owned all the stock of the corporation except two shares, one of which shares he gave to his wife and the other to his son, so that they might be officers of the corporation. He became a bankrupt, and the creditor filed a claim in bankruptcy against him for the full amount of his bond. The trustee moved to expunge the claim, and the Circuit Court of Appeals said:
"Upon the ground that the ownership by the bankrupt of all the stock of the corporation made him in equity the owner of the corporate property, it was held that the claims were secured within the meaning of subdivision 23 of section 1 of the Bankruptcy Act (11 USCA § 1 (23). * * * The claimants had provable claims against the bankrupt upon his guaranty, and this without regard to the fact that the notes, the contracts of the company, were secured by mortgage upon the company's property. The contract of the guarantor was his separate contract, and his liability thereon was in no way affected by the fact that the notes which he agreed to pay were secured by a mortgage executed by the company upon its property."
In no case can the appellant recover from all sources more than the full amount of its claim. If the appellant realizes on the collateral mortgage before the final dividend is paid, it will receive no more. When the time arrives that the appellant has been paid in full, from whatever source, it will receive no further dividends or payments. The excess dividends which it might otherwise have received will be distributed pro rata among the other creditors of the bankrupt. If it should not liquidate its collateral until after the dividends in bankruptcy have been paid, it would receive the dividends pro rata with other unsecured creditors, and if, when it liquidates its collateral, the amount received from such liquidation, together with the dividends previously paid to it, should total more than 100 per cent. of its claim, it would hold such excess in trust for the trustee in bankruptcy, who would distribute it among the other creditors. Merrill v. National Bank, 173 U. S. 131, 19 S. Ct. 360, 43 L. Ed. 640; In re Beaver Knitting Mills, 154 F. 320 (C. C. A. 2); Young v. Gordon (C. C. A.) 219 F. 168.
The authorities make plain that a creditor is secured only when its security consists of the property of the bankrupt. The property of the Retail Chemists' Corporation is not the bankrupt's property. It is only remotely that such property would swell the assets of the bankrupt. Due regard must be had, in the instant case, for the distinct existence of each corporate entity, and, when such is done, the appellant's claim as an unsecured creditor of the bankrupt must be allowed.
Order reversed.