In re J. T. EVANS, Inc.

District Court, S. D. New York.
Feb. 23, 1935.

McManus, Ernst & Ernst, of New York City (Howard Myers and Lester D. Melzer, both of New York City, of counsel), for trustee.

Townsend & Kindleberger, of New York City (E. Crosby Kindleberger and Howard C. Campbell, both of New York City, of counsel), for claimant.

PATTERSON, District Judge.

The trustee in bankruptcy moved to reduce the claims filed by one Maneely and by Cohoes Rolling Mill Company. The referee denied the motions.

■ The facts relative to the two claims are similar, and a discussion of the Maneely claim will suffice for both. The claimant sold goods to the bankrupt, a subcontractor on building construction for the United States. The bankrupt failed to pay the agreed price. The bankrupt and a surety company had executed and delivered a bond in favor of the contractor to cover payment of claims of the sort involved here. The trustee's argument is that the claimant should not be permitted to prove its claim against the bankrupt estate without first exhausting its rights against the solvent surety company.

The argument lacks merit. The claimant was not a secured creditor, as that term is defined in section 1 (23) of the Bankruptcy Act, 11 U.S.C.A. § 1 (23). Bankers' Trust Co. v. Irving Trust Co., 73 F.(2d) 296 (C.C.A.2). Neither the claimant nor the party secondarily liable had security on assets of the bankrupt.

■ The relationship is the familiar one of creditor, principal debtor and surety. The principal debtor being bankrupt, the rule is well understood that the creditor may prove his claim for the full amount against the bankrupt estate and may also pursue the surety, the limit being observed that he cannot recover from both sources more than the amount of his debt. In re Beaver Knitting Mills, 154 F. 320 (C.C.A.2); Young v. Gordon, 219 F. 168 (C.C.A.4).

The trustee says that the claimant has property of the bankrupt estate which he unlawfully seized. There is nothing in the record to substantiate that statement. The further statement is made that the contractor has property of the bankrupt estate. There is no proof of this in the record. Even if the fact were proved, its effect on the rights of this claimant is not perceived.

The determination of the referee was right as to both claims, and will be affirmed.