S. B. HUFFMAN, trustee in bankruptcy of Charles Manfre Transportation Co., bankrupt, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15187.

United States Court of Appeals Ninth Circuit.

March 21, 1957.

Milton Maxwell Newmark, Paul E. Anderson, Kent & Brookes, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles E. Collett, Asst. U. S. Atty., Joseph O. Greaves and Leon Yudkin, San Francisco, Cal., for appellee.

Before HEALY, LEMMON and CHAMBERS, Circuit Judges.

CHAMBERS, Circuit Judge.

The dispute here involves whether money paid to the bankrupt Manfre's trustee in bankruptcy by a company called Utility Trailer Sales must be turned over to the United States for its ubiquitous tax claim or whether the trustee may subordinate the tax claim to costs of administration and wage claims.[1] The referee, and the district court on review, held that the director of internal revenue must take the entire sum involved which is $2,309.49.

Prior to bankruptcy, we are told Utility Trailer Sales had "repossessed" four trucks apparently belonging to Manfre. It is not clear whether the "repossession" was under a chattel mortgage or a conditional sales contract. After "repossession," we do not know what was done next. It would appear that in some way the bankrupt, prior to the adjudication, was disputing the repossession or some facet of it. The trustee continued the same contentions or made others. We are told that the trustee brought a proceeding "against Utility Trailer Sales in the bankruptcy court below and after a hearing before the referee was successful in achieving a compromise of the matter." The parties attempt to tell us in a scanty way what the "matter" before the referee was. It appears that the district court did not know what this "matter" involved. It seems to have assumed, and events hereafter may vindicate the assumption that at all times Manfre and his trustee were making a claim against Utility Trailer Sales for money.

But we think the nature of the claim prior to its compromise might be important. We note that Utility Sales resold one of the trucks before the adjudication and three trucks after the adjudication.

The purported levy of the agent of the Internal Revenue service was made immediately after the "repossession" and before bankruptcy. If the claim of the now bankrupt was asserted by him as an interest in the trucks (that is, "give me back my trucks") we might have one priority question. If the claim was at all times "you took my trucks and I want money damages," we may have the question of the applicability of United States v. Eiland, 4 Cir., 223 F.2d 118, 121, and whether we agree with it.

Prima facie, without deciding, we would think, if the claim which was compromised was one made to specific property, the government should not gain or lose in legal position by the compromise of the trustee for money.

We hold on our own motion that the district court was not given enough facts to make a proper review. If we did not so hold, this court probably would have to decide the applicability of United States v. Eiland, supra. That we are not disposed to do because there is too strong a possibility that we know too little of the actual facts.

It would not be unjust in the rough sense for appellant trustee to lose his appeal because of the inadequacy of the record presented here and to the district court. But we believe it is within our power to send the case back and more consonant with justice that the case go back for an examination of the compromise, and what was compromised, as well as related facts. See M. M. Landy, Inc. v. Nicholas, 5 Cir., 221 F.2d 923, at page 932. In re Rockford Baseball Club (McGovock v. Giolitto), 7 Cir., 201 F.2d 685. When this has been done the legal suspenders that should be taken from the rack can be better determined.

Reversed and remanded for proceedings consistent with this opinion.[2]

1. See 11 U.S.C.A. § 107, sub. c.

2. A case in which the facts were presented to the district court in good form is Bensinger v. Davidson, D.C.S.D.Cal., 147 F.Supp. 240.