In the Matter of Clinton CROCKETT, doing business as Crockett Furniture Co., Bankrupt.

No. 13722.

United States District Court
N. D. California, N. D.

April 4, 1957.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., and Joseph O. Greaves, Atty., Office of the Regional Counsel, Int. Rev. Serv., San Francisco, Cal., for petitioner.

Herbert C. Coblentz, Stockton, Cal., for respondent.

HALBERT, District Judge.

The United States of America, as petitioner here, has filed with this Court a petition for review of the order of the Referee denying a tax lien claim by petitioner.

It appears that the above named bankrupt was adjudicated a bankrupt by this Court on July 26, 1954. The United States of America filed a proof of claim of $1,511.12 for employment withholding taxes for the first and fourth quarters of 1953 incurred by the partnership of Crockett Brothers, of which the bankrupt was a partner. The partnership apparently discontinued its business operations sometime in 1953. The bankrupt thereafter went into business by himself, individually, with none of the assets of the former partnership.

Petitioner, in the proceedings before the Referee, claimed that the United States was entitled to the status of a lien creditor,[1] by virtue of the statutory lien provided for in § 3670 of the Internal Revenue Code of 1939 [2], Title 26 U.S.C.A. § 6321 (1954), on the theory that the bankrupt was liable, as a general partner of the former partnership, individually for the tax liability incurred by the former partnership. The Referee determined that petitioner failed to demonstrate that it had a lien on any specific property of the bankrupt, and concluded that the property of the bankrupt should be distributed in the manner prescribed by § 5, sub. g, of the Bankruptcy Act, 11 U.S.C.A. § 23, sub. g.[3] Accordingly, the Referee relegated petitioner to the status of a partnership creditor, giving all of the bankrupt's individual creditors priority in the distribution of the estate.

The issue on review, as certified by the Referee, is:

"Whether or not the United States of America can assert a lien on the bankrupt's individual property which he acquired after the partnership ceased business and from which partnership he secured none of its assets for employment withholding taxes incurred by the former partnership."

It is well established that the lien provided for in § 3670 (I.R.C.1939) attaches to all after-acquired property of the delinquent taxpayer, Glass City Bank v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56; Salsbury Motors, Inc., v. United States, 9 Cir., 210 F.2d 171, and its priority is determined by the general "first in time is the first in right" rule regardless of the fact that it is a general lien and not a specific lien [4]. United States v. New Britain, 347 U.S. 81, 74 S.Ct. 367, 370, 98 L.Ed. 520. It

---

1. Petitioner claims that it has a lien for taxes within the meaning of § 67, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. b, and contends that by virtue of said lien, it is entitled to distribution after reasonable costs of administration and priority wage claims.

2. Section 3670 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3670, provides:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

3. Under § 5, sub. g, of the Bankruptcy Act, the Referee is required to distribute the assets of an individual partner in bankruptcy *first* to individual creditors, and if *any residue* remains after such distribution, *then* partnership creditors are entitled to receive dividends out of the bankrupt estate.

4. The Referee apparently concluded that the lien for taxes asserted by petitioner would be general only with respect to partnership property, which could be traced into the hands of the bankrupt, but as to the individual property of the bankrupt, the lien must have been shown to have attached to some specific property, before it could entitle the United States to any preferred position *vis-a-vis* other individual creditors of the bankrupt.

follows, then, that if the bankrupt in the case at bar is subject to the provisions of § 3670, supra, his property would have passed into the hands of the trustee impressed with petitioner's lien, §§ 67, subs. b and c, 11 U.S.C.A. § 107, subs. b and c; and cf: United States v. Heffron, 9 Cir., 158 F.2d 657, even though such property was acquired after the time at which the lien attached. Furthermore, it cannot be doubted that if petitioner has a valid lien against the individual property of the bankrupt, petitioner should be considered as an individual lien creditor for the purposes of § 5 sub. g of the Bankruptcy Act, irrespective of the fact that the underlying debt could have been asserted against the partnership estate as well, cf: Mitchell v. Hampel, 276 U.S. 299, 48 S.Ct. 308, 72 L.Ed. 582; Globe Indemnity Co. v. Keeble, 4 Cir., 20 F.2d 84; and see Lewis v. United States, 92 U.S. 618, 23 L.Ed. 513 [holding, *inter alia*, that the preferential status of the United States as a creditor of a partnership applies as well to the separate and individual estates of the bankrupt partners]; and see also: Annotation 75 A.L.R. 997, 999.

In order for the lien of § 3670 (I.R.C. 1939) to attach to the individual property of the bankrupt, it must be established that (1) he is a "person liable to pay" the tax, and (2) he has "neglected or refused to pay the same after demand".

██ Under the law of California, it is clear that an individual partner may be held liable for the entire amount of a partnership debt, § 15015(b) of the California Corporations Code, and cf: Brazil v. Azevedo, 32 Cal.App. 364, 162 P. 1049, and under that rule, an individual partner has been held liable to the United States for the employment withholding taxes of the partnership, Heller v. United States, Civ.No.33545, N.D.Cal., S.D.1955, and his individual property has been held subject to the lien of § 3670, supra, Underwood v. United States, D.C., 37 F.Supp. 824, affirmed 5 Cir., 118 F.2d 760. Hence, it is the opinion of this Court that the bankrupt is a "person liable to pay" the tax asserted within the meaning of § 3670, supra, and that the lien claimed by petitioner, if perfected, entitled petitioner to the status of an individual lien creditor of the bankrupt with priority over all other individual creditors except those asserting senior liens within the meaning of § 3672 (I.R.C.1939), 26 U.S.C.A. § 3672.

██ It cannot be determined, however, on the record now before this Court, whether petitioner has perfected the lien it asserts against the bankrupt's property. By the plain wording of § 3670, supra, the lien does not attach unless and until the delinquent taxpayer "neglects or refuses to pay the same after demand".[5]. It is incumbent upon petitioner to show that these statutory prerequisites have been fulfilled before the Referee can treat petitioner as a lien creditor.

██ In view of the state of the record, it is within the power of this Court to remand this proceeding to the Referee to make appropriate findings of fact on this issue, Title 28 U.S.C.A. § 2106; Huffman v. United States, 9 Cir., 242 F.2d 835; M. M. Landy, Inc., v. Nicholas, 5 Cir., 221 F.2d 923; and In re Rockford Baseball Club, Inc., 7 Cir., 201 F.2d 685.

It Is, Therefore, Ordered that the case be remanded to the Referee in Bankruptcy with directions that he make a specific finding on the following questions:

1. Whether the bankrupt neglected or refused to pay the tax after demand; and

2. The date on which the assessment list was received by the collector. § 3671. If it is determined that the statutory prerequisites necessary to perfect petitioner's lien have been fulfilled, then distribution of the bankrupt's estate shall be accomplished in a manner consistent with the views expressed in this opinion, but if said statutory prerequisites have not been fulfilled, then the Referee's order sought to be reviewed by this proceeding may stand affirmed and approved.

---

**5.** Once, however, the existence of these prerequisites is shown, *the time* at which the lien *attaches* is the date on which the assessment list was received by the collector. § 3671, I.R.C.1939, 26 U.S.C.A. § 3671.